Paul R. SOGLIN et al., Plaintiffs,

v.

Joseph F. KAUFFMAN et al., Defendants.

No. 67-C-141.

United States District Court
W. D. Wisconsin.

July 19, 1968.

Percy L. Julian, Jr., Michael A. Reiter, Madison, Wis., William M. Kunstler, Arthur Kinoy, New York City, Dennis Roberts, Harriet Van Tassel, Morton Stavis, Newark, N. J., for plaintiffs.

Bronson C. La Follette, Atty. Gen., Arlen C. Christenson, Deputy Atty. Gen., Thomas A. Lockyear, Asst. Atty. Gen., Madison, Wis., for defendants Kauffman, Hanson, and Board of Regents.

John P. Koberstein, Madison, Wis., for defendant Boll.

William A. Jansen, Asst. City Atty., Madison, Wis., for defendant Emery.

Before FAIRCHILD, Circuit Judge, and DOYLE and GORDON, District Judges.

FAIRCHILD, Circuit Judge.

This opinion deals with one branch of an action seeking a declaratory judgment that certain Wisconsin statutes and university regulations are invalid, and an injunction against enforcement thereof.

Plaintiffs are ten students at the University of Wisconsin, and an unincorporated organization known as Students for a Democratic Society (Madison Chapter). They sue on behalf of others similarly situated, as well as for themselves.

Defendants are officials of the University of Wisconsin, having duties with respect to discipline, and law enforcement officers of state, county, and city.

This action has much common ground with Zwicker v. Boll.[1] The judgment of this court, dismissing the complaint on its merits, was affirmed May 20, 1968, per curiam, by the Supreme Court of the United States.[2] Several plaintiffs and defendants were the same in *Soglin* as in *Zwicker*. In each case plaintiffs alleged concern over their rights to express ideas and beliefs in opposition to university and governmental policies with respect to support of the war effort in Viet Nam, as well as other views. In each case the focal events were pre-employment interviews on the university campus by representatives of Dow Chemical Company. These events in *Zwicker* took place February 21 and 22, 1967 and in *Soglin* October 18, 1967. In each case some of plaintiffs were arrested for alleged violation of sec. 947.01(1), Wis.Stats., entitled "Disorderly conduct." Plaintiffs have argued in each case that the disorderly conduct statute is vague and overbroad and that the prosecutions thereunder were undertaken for the unlawful purpose of deterring plaintiffs from exercise of first amendment rights.

The *Soglin* action includes claims in several areas. We mention them for the purpose of keeping them in perspective. Most are outside the scope of this opinion:

(1) The original complaint was filed October 16, 1967. The employment interviews had been announced, but had not yet occurred. The complaint principally challenged the validity of certain university regulations upon which the dean of student affairs had allegedly stated he would rely. After the October 18 events, but before any arrests had been made, the complaint was amended to allege threats to prosecute under the criminal code. Plaintiffs named 13 sec-

---

1. (W.D.Wis.1967), 270 F.Supp. 131.

2. 391 U.S. 353, 88 S.Ct. 1666, 20 L.Ed.2d 642.

tions of the statutes as being possibly applicable, including disorderly conduct as one, and alleged that all are vague and overbroad. While the complaint was in that form, the Honorable John S. Hastings, then chief judge of the circuit, decided that a three judge court was inappropriate.

(2) Later, plaintiffs amended and alleged that warrants, charging disorderly conduct, had been issued November 2, 1967. They alleged that the disorderly conduct statute is vague and overbroad and that threats to apply it to them "are basically for the unlawful purpose of depriving plaintiffs and members of their classes of, and deterring their exercise of, their rights of freedom of speech, assembly, association, and petitioning their government for a redress of grievance * * *" After this amendment, Chief Judge Hastings designated the members of this court.

(3) By the same amendment, plaintiffs challenged the validity of sec. 36.12, Wis.Stats., entitled "President of the university." Chief Judge Hastings expressed the opinion that the attack on this section did not present a substantial federal question.

(4) Plaintiffs also alleged that an injunction was sought against them in an action begun in the circuit court for Dane county and prayed for relief with respect to that action. Judge Doyle determined that this branch of the action does not require a three-judge court.

After a pre-trial conference, defendants answered only those portions of the complaint relating to the disorderly conduct statute. This court elected to hold a hearing limited "to all issues raised by the pleadings and related to Sec. 947.01(1), except for the factual allegations of the pleadings with respect to

the so-called 'prosecutorial abuse' in the application of Sec. 947.01(1)." [2a]

Thus this opinion deals only with the claims referred to in No. 2, above, that the statute is vague and overbroad. It does not deal with the question whether prosecutorial abuse has been sufficiently alleged.

*Zwicker,* affirmed per curiam by the Supreme Court, and *Soglin* involve closely similar factual backgrounds, and in each the attack is upon the same grounds, upon the same statute, sec. 947.01(1), Wis.Stats., Disorderly conduct. The statute reads as follows:

"947.01 Disorderly conduct. Whoever does any of the following may be fined not more than $100 or imprisoned not more than 30 days:

"(1) In a public or private place, engages in violent, abusive, indecent, profane, boisterous, unreasonably loud, or otherwise disorderly conduct under circumstances in which such conduct tends to cause or provoke a disturbance; * * *"

Unless some factual difference has produced a significant difference in legal issues, the Supreme Court's affirmance of our judgment of dismissal in *Zwicker* would lead to the conclusion that the same attack by present plaintiffs against the statute on its face must fail.

We can think of only one factual difference which could even conceivably differentiate the cases. The *Zwicker* plaintiffs brought their federal action attacking the statute after being arrested and charged with committing offenses against it. Thus there were state court actions already in being in which the claim of invalidity of the statute could be appropriately litigated. It must be acknowledged that both judges who formed the majority of this court in

**2a.** Subsequent to the hearing by this three-judge panel on the issue whether Sec. 947.01(1), as written, is vague or overbroad, a fourth amended complaint was filed herein, at Judge Doyle's direction, for the purpose of consolidating and bringing up to date plaintiffs' contentions with respect to all aspects of the dis-

pute. In this fourth amended complaint, the allegation was repeated that Sec. 947.01(1), as written, is vague and overbroad. We treat defendants' partial answer, filed earlier, denying that Sec. 947.01(1), as written, is vague or overbroad, as a partial answer to these allegations of the fourth amended complaint.

*Zwicker* gave weight to this fact, although both indicated that they would not deem it conclusive if the statute under consideration were plainly invalid on its face.[3]

The *Soglin* plaintiffs, however, brought this federal action before the occurrence of the alleged offenses, although at that time the complaint did not attack the validity of the disorderly conduct statute. After the date of the alleged offenses, but before any state court prosecution was begun, the *Soglin* plaintiffs amended so as to claim vagueness, overbreadth, and invalidity of a number of statutes, including the disorderly conduct statute.

Thus in *Soglin* there was no state court action, in which the constitutional challenge could be litigated, pending at the time the challenge was first made in federal court. In *Zwicker* state court actions had been commenced before the federal court action. If, in affirming *Zwicker,* the Supreme Court gave controlling weight to the prior commencement of the state court actions, *Zwicker* would not control *Soglin.*

In affirming the judgment of dismissal in *Zwicker,* the Supreme Court merely cited Cameron v. Johnson.[4] There are several reasons why we conclude that in so affirming, the Supreme Court did not rely upon the prior commencement of the state court actions, but decided that the disorderly conduct statute was not, on its face, void on grounds of vagueness or overbreadth.[5]

(1) One possible reason for dismissing *Zwicker* without deciding the challenge to the statute on its face, because state court prosecutions were already pending, might be the proposition that 42 U.S.C. sec. 1983 does not authorize an exception to the prohibition of 28 U.S.C. sec. 2283 against an injunction staying proceedings in a state court. It is clear, however, that adoption of this proposition was not the reason for affirming *Zwicker.* The Supreme Court said in *Cameron* that this question has been left unresolved.[6]

(2) Another possible reason for so dismissing, might be the proposition that if an injunction would be improper, a declaratory judgment would also be improper. On December 5, 1967, however, after our decision in *Zwicker,* the Supreme Court decided Zwickler v. Koota.[7] There a person who contemplated circulating anonymous election handbills contended that a state statute forbidding such circulation is overbroad. He sought both an injunction against prosecution and a declaratory judgment. The district court abstained, and the Supreme Court reversed, saying, "It follows that the District Court's views on the question of injunctive relief are irrelevant to the question of abstention here. For a request for a declaratory judgment that a state statute is over-

---

3. Judge Gordon said, in part: "Applying common sense principles of comity to the existing situation, I find no compelling reason why this court should assert power to decide these issues in this action and thus displace the state court from a resolution of the same issues in an action already before it." And, later, "In view of the fact that the plaintiffs have failed to show that the Wisconsin statute is unconstitutional on its face * * *." Judge Fairchild said, in part: "I go only so far as to conclude that sec. 947.01, Wis.Stats., is not, in the light of any decision of the Supreme Court of the United States, so clearly unconstitutional under the first and fourteenth amendments as to make it appropriate for this federal court so to declare notwithstanding the opportunity of plaintiffs to litigate the same issue in actions already before the state court when this action was begun."

4. (1968), 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182.

5. *Cameron* also dealt with a claim of prosecutorial abuse, and a claim of that nature was made in *Zwicker.* As previously noted, however, the branch of *Soglin* dealing with a claim of prosecutorial abuse is not presently under consideration.

6. *Cameron,* supra, 390 U.S. fn. 3, p. 613, 88 S.Ct. p. 1337.

7. (1967), 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444.

broad on its face must be considered independently of any request for injunctive relief against the enforcement of that statute. We hold that a federal district court has the duty to decide the appropriateness and the merits of the declaratory request irrespective of its conclusion as to the propriety of the issuance of the injunction."[8] It must follow that, in *Zwicker*, the Supreme Court deemed our judgment of dismissal the equivalent of a declaratory judgment contrary to plaintiffs' claims, and affirmed on that premise.

(3) In affirming *Zwicker*, per curiam, the Supreme Court considered it sufficient to cite only *Cameron*. In *Cameron* the Supreme Court affirmed a judgment of dismissal squarely and expressly on the basis that the statute under attack was not vague and was not overbroad; that it was "a valid law dealing with conduct subject to regulation so as to vindicate important interests of society and * * * the fact that free speech is intermingled with such conduct does not bring it within constitutional protection." There is no hint in *Cameron* that the decision on vagueness and overbreadth depended on the fact that state prosecutions were already pending.[9]

(4) Mr. Justice Douglas dissented from the affirmance in *Zwicker* and stated the view that bad faith (or prosecutorial abuse) had been sufficiently alleged to require an evidentiary hearing. His memorandum may imply agreement that the Wisconsin disorderly conduct statute is not void on its face, but in any event contains no suggestion that the majority decision was based on the prior pendency of state court actions.

It is therefore our conclusion that when the entry of judgment in this action becomes appropriate, the branch of the case under consideration here is

to be disposed of by a declaration that as against plaintiffs' challenge of vagueness and overbreadth, the Wisconsin disorderly conduct statute is not void on its face.

8. Fn. 7, supra, at page 254, 88 S.Ct. at page 399.

9. There is a reference in *Cameron* to "the continuing validity of the maxim that a federal district court should be slow to act 'where its powers are invoked to interfere by injunction with threatened criminal prosecutions in a state court' * * *" This was said with reference to an injunction, not declaratory judgment, and did not distinguish pending from threatened prosecution.