James **BARTHOLOMEW** et al.,
Plaintiffs,

v.

Honorable **Kenneth K. PORT**, individually and as Municipal Justice of the City of Brookfield, Wisconsin, George A. Schmus, individually and as City Attorney of the City of Brookfield, Wisconsin, and William Wolcott, individually and as Chief of Police of the City of Brookfield, Wisconsin, and their Agents, Assistants, Successors, Employees, Attorneys and All Persons Acting in Concert or Cooperation With Them or at Their Direction or Under Their Control, Defendants.

No. 69–C–392.

United States District Court,
E. D. Wisconsin.

Jan. 30, 1970.

Gratz, Shneidman & Gollin, by Morton Gollin, Milwaukee, Wis., for plaintiffs.

Schmus & Panosian, by Charles G. Panosian, West Allis, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This is an action for a judgment declaring unconstitutional and restraining enforcement of §§ .04, .05, .07, .09 and .13 of § 9, ordinance of the city of Brookfield and Wis.Stat. § 66.114. The plaintiffs allege that the ordinances are unconstitutionally vague and overbroad on their face. They charge that the state statute is unconstitutionally vague and that it is an unconstitutional delegation of judicial authority. They further claim that each of the foregoing sections is being unlawfully applied by the defendants to intimidate the plaintiffs in order to deter them from exercising their constitutional rights.

In this decision, the court will rule on two motions filed by the parties. The plaintiffs have asked for an order temporarily enjoining the defendants from prosecuting alleged violations of the ordinances cited above. The defendants have filed a motion to dismiss.

The plaintiffs are members of Local 277, Lithographers & Photoengravers International Union and are employees of the W. A. Krueger Co., which is located at 12821 West Bluemound Road in the city of Brookfield. They bring this suit as a class action.

Since June, 1969, the plaintiffs have been on strike against W. A. Krueger Co. They allege that in support of this strike they have engaged in

" * * * all forms of lawful and peaceful activities including, but not limited to, picketing, distributing leaflets and disseminating information to public and other employees."

The defendants are the municipal justice, city attorney, and chief of police of the city of Brookfield and their agents. W. A. Krueger Co. is not named as a party to this action.

The plaintiffs allege that the Brookfield police and others acting in concert with them have utilized "every means at their disposal" to obstruct the plaintiffs and interfere with their communicating to the public. The plaintiffs allege that such obstruction includes arresting the plaintiffs "without any warrant of any kind and without any scintilla of probable cause", failing to warn the plaintiffs of their constitutional rights following arrest, and requiring the plaintiffs to post excessive bail in the sum of $200.

The defendants deny that they have violated the plaintiffs' constitutional rights. They allege that they had probable cause to arrest the plaintiffs for the following overt acts: " * * * placing injurious substance on highway, obstructing traffic, refusing to obey officer, disorderly conduct consisting of rock throwing, resisting officer, profanity".

## I. DISTRICT COURT JURISDICTION

■ The plaintiffs invoke the jurisdiction of this court pursuant to 28 U.S.C. §§ 1343(3), 1343(4), 2201, 2202, and 42 U.S.C. § 1983. The defendants contend that "there is no substantial federal question sufficient to invoke the jurisdiction of this court" and they argue that the court should decline to exercise jurisdiction over the case since the plaintiffs have an adequate remedy under state law.

Title 28 U.S.C. § 1343 provides in relevant part:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(3) To redress the deprivation, under color of any * * * statute, ordinance * * * of any right, privilege or immunity secured by the Constitution of the United States; * * *

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights. * * * "

Title 42 U.S.C. § 1983 provides in relevant part:

"Every person who, under color of any statute, ordinance * * * of any State * * * subjects, or causes to be subjected, any citizen of the United States * * * to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

These sections and 28 U.S.C. § 2201 and 2202 provide this court with jurisdiction to hear a claim that ordinances or state statutes are unconstitutional on their face or as applied. Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965).

■ I reject the defendants' contention that the court should decline to exercise its jurisdiction because the plaintiffs have an adequate state remedy. A district court should not, for reasons of comity, abstain or decline jurisdiction to grant declaratory relief under the circumstances set forth in the present case. Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967); Cameron v. Johnson, 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968).

■ Furthermore, although the plaintiffs seek to enjoin prosecutions in state court which are currently pending against them, the circumstances of this case make it inappropriate, notwithstanding 28 U.S.C. § 2283, to abstain from considering the merits of the plaintiffs' case. In Dombrowski v. Pfister, 380 U.S. 479, 489–490, 85 S.Ct. 1116, 1122 (1965), the Supreme Court said:

"We hold the abstention doctrine is inappropriate for cases such as the present one where, unlike Douglas v. City of Jeannette [319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324], statutes are justifiably attacked on their face as abridging free expression, *or as applied* for the purpose of discouraging protected activities." (emphasis added)

See Zwicker v. Boll, 270 F.Supp. 131 (W.D.Wis.1967), aff'd 391 U.S. 353, 88 S.Ct. 1666, 20 L.Ed.2d 642 (1968); Soglin v. Kauffman, 286 F.Supp. 851 (W.D.Wis. 1968); State v. Zwicker, 41 Wis.2d 497, 164 N.W.2d 512 (1969).

## II. TEMPORARY INJUNCTION

■ In their motion, the plaintiffs request an order temporarily enjoining the defendants from prosecuting alleged violations of the cited ordinances of the city of Brookfield. In their brief, the plaintiffs also challenge the constitutionality of Wis.Stat. § 66.114. However, they have not requested the convening of a three-judge district court pursuant to 28 U.S.C. § 2281, nor does their motion or their notice of motion refer to Wis. Stat. § 66.114. In my opinion, the plaintiffs' motion for a temporary injunction is not sufficient to raise an issue concerning the constitutionality of Wis.Stat. § 66.114. Rule 7(b) (1), Federal Rules of Civil Procedure. McNichols v. Lennox Furnace Co., 7 F.R.D. 40, 42–43 (N.D.N.Y.1947). Cf. Schy v. Susquehanna Corporation, 419 F.2d 1112 (7th Cir. 1970).

■ I am satisfied that the ordinances are not unconstitutional on their face. They cover conduct generally thought to be "disorderly": Obstruction of traffic, indecent and abusive behavior, fights, riots, loud and disturbing noises, and interference with the carrying out of official duties of policemen. The ordinances in question are broadly comparable to Wis.Stat. § 947.01, the Wisconsin disorderly conduct statute. That statute has been upheld against charges of vagueness and overbreadth. State v. Givens, 28 Wis.2d 109, 135 N.W.2d 780 (1965); State v. Zwicker, 41 Wis.2d 497, 164 N.W.2d 512 (1969); Zwicker v. Boll, 270 F.Supp. 131 (W.D. Wis.1967), aff'd 391 U.S. 353, 88 S.Ct. 1666 (1968); Soglin v. Kauffman, 286 F.Supp. 851 (W.D.Wis.1968).

■ In my opinion, the plaintiffs have failed to show sufficient grounds for the issuance of a temporary injunction against alleged unconstitutional applications of the ordinances in question. The key allegations in the complaint which relate to this issue are made upon information and belief; no supporting affidavits have been filed; and the defendants have put the facts sharply in dispute. Issuance of an injunction on this point must await a plenary hearing.

## III. MOTION TO DISMISS

The defendants have requested the entry of an order dismissing the action. Contrary to the requirement of Rule 7(b) (1), Federal Rules of Civil Procedure, the motion does not state with particularity the grounds therefor. The motion is supported by an affidavit of the acting police chief of the city of Brookfield, but that affidavit does little more than verify the facts set forth in the answer.

There are several issues apparent which could conceivably justify dismissal. In addition to the issue of jurisdiction, which the court has already considered, there may be an issue concerning the defendants' immunity or one concerning joinder of necessary parties.

After service of the defendants' motion, the plaintiffs called attention to the motion's noncompliance with the particularity requirement of Rule 7(b) (1), Fed-

eral Rules of Civil Procedure. Nevertheless, the defendants elected to stand on their motion and contend that it is sufficiently definite.

I believe that the observation of the court in Steingut v. National City Bank of New York, 36 F.Supp. 486, 487 (E.D. N.Y.1941), is apposite here:

"The court would ordinarily excuse the failure to comply with [Rule 7(b) (1)] if it were inadvertent, but such is not the case here. There should be strict compliance with the rules, otherwise they will be whittled away and become meaningless and unenforceable."

In the case at bar, the plaintiffs filed a written response directed at the failure of the motion to comply with Rule 7(b) (1), Federal Rules of Civil Procedure, but the defendants failed to make the motion more explicit. Under all the circumstances, I conclude that the defendants' motion to dismiss should be denied. Sachs et al. v. Ohio Nat. Life Ins. Co., 2 F.R.D. 348 (N.D.Ill. 1942).

Now, therefore, it is ordered that the plaintiffs' motion for a temporary injunction be and hereby is denied.

It is further ordered that the defendants' motion to dismiss be and hereby is denied.