**Dixie Lee RILEY, Appellant,**

v.

**NORTHWESTERN BELL TELEPHONE COMPANY, doing business as U.S. West Communications; Don Buxton; Judy Tinkham, Appellees.**

No. 92–2987.

United States Court of Appeals,
Eighth Circuit.

Submitted June 17, 1993.
Decided Aug. 13, 1993.

Sonja R. Peterson, Minneapolis, MN, argued, for appellant.

George A. Carroll, Minneapolis, MN, argued, for appellee.

Before JOHN R. GIBSON, Circuit Judge, ROSS, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

ROSS, Senior Circuit Judge.

Appellant Dixie Lee Riley filed suit against her former employer, Northwestern Bell Telephone Company (NWB), now known as U.S. West Communications, alleging she was terminated from employment on the basis of her sex. Riley was hired by NWB in May 1972 and received consistent promotions and positive performance appraisals throughout her tenure. Riley, however, was active in the National Organization for Women and other women's rights groups and never hesitated to challenge what she considered to be discriminatory practices at work. From 1975 through 1982, she lodged a number of complaints of sex discrimination against NWB. On August 21, 1986, Riley was terminated ostensibly because of her "disruptive" management style and her failure to complete a resultant "development plan" designed to improve her performance.

Riley filed suit on January 30, 1987. The EEOC dismissed her complaint on September 23, 1988, and dismissed it again after further review on May 31, 1989. This action in the federal court was filed on September 7, 1989. On February 26, 1992, the district court found in favor of NWB. Riley now appeals.

■ Federal Rule of Appellate Procedure 4(a)(1) provides that an aggrieved party must appeal within thirty days after the date of the judgment. However, if a party files a motion for a new trial or amended findings of fact, the time to appeal is tolled until thirty days after the trial court issues its ruling on the motion. Fed.R.App.P. 4(a)(4).

■ On March 12, 1992, Riley filed a document entitled "Notice of Plaintiff's Motion for Amended Findings of Fact, Conclusions of Law, and Order for Judgment, or in the Alternative for a New Trial," which provided in relevant part:

> PLEASE TAKE NOTICE that on May 29, 1992, at 10:00 a.m., or as soon thereafter as counsel may be heard ... Plaintiff will move the Court, ... for an Order, pursuant to Federal Rule of Civil Procedure 52(d) [sic], amending its Findings of Fact, Conclusions of Law, and Order for Judgment entered on February 27, 1992. In the alternative, plaintiff will also move the Court for an order, pursuant to Federal Rule of Civil Procedure 59(a)(2), granting plaintiff a new trial of the above-entitled cause.

On July 28, 1992, the trial court denied Riley's motion for amended findings. The court ruled that the post-trial document did not constitute a motion because the notice of motion did not "state with particularity the grounds therefor" as required by Fed. R.Civ.P. 7(b)(1)[1]. Although the court noted that Riley's July 6, 1992 memorandum of law in support of the notice of motion met the specificity requirement of Rule 7(b)(1), the court nevertheless determined that because the memorandum was filed well outside the

---

1. Rule 7(b)(1) sets forth the required form of motions:
   An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, *shall state with particularity the grounds therefor*, and shall set forth the relief or order sought. Fed.R.Civ.P. 7(b)(1) (emphasis added).

ten-day requirement of Rule 52(b) and Rule 59 [2], the motion was untimely.

Riley then filed a notice of appeal on August 28, 1992, thirty days after the trial court ruled on her post-trial motion. If we conclude the motion was untimely, then the notice of appeal was untimely as well and this court is without jurisdiction to consider the appeal.

In *Martinez v. Trainor,* 556 F.2d 818 (7th Cir.1977), a party filed a skeletal document entitled "Motion to Amend, Alter or Vacate the Declaratory Judgment" within the ten-day time period. The Seventh Circuit held that the motion lacked reasonable specificity because it failed to cite even one ground for granting relief and ruled that it failed to toll the time to file an appeal. *Id.* at 820. Further, although acknowledging that a subsequently filed document that included specific grounds for relief satisfied the Rule 7(b) requirement, the court reasoned, "if a party could file a skeleton motion and later fill it in, the purpose of the time limitation would be defeated." *Id.*

Even if the notice of motion in the instant case were given a "broad construction" as Riley urges, this document would not satisfy the requirements of Rule 7(b). The notice of motion is obviously defective on its face for failure to comply with the requirement of Rule 7(b)(1). Such a defect might be more easily excused if the document even closely resembled a motion. However, overlooking the defect of this document would only serve to whittle away at the rules and ultimately render them meaningless and unenforceable. *See Bartholomew v. Port,* 309 F.Supp. 1340, 1344 (E.D.Wis.1970).

We also reject Riley's argument that Rule 7.1 of the Local Rules of the United States District Court for the District of Minnesota controls the filing requirements of the post-trial motion in this case. Rule 7.1 requires a moving party to file copies of, among other things, a notice of motion, a motion, a proposed order and a memorandum of law in support of a nondispositive motion at least 14 days prior to the hearing.

This local rule, however, is not inconsistent with the specificity requirement of Federal Rule 7(b)(1), but merely augments the filing requirement at the local level.

Thus, we conclude that the post-trial document does not satisfy the requirements of a motion under Rule 7(b)(1) and will not serve to toll the time in which Riley was required to file her appeal under Fed.R.App.P. 4(a)(1). Accordingly, Riley has failed to properly preserve her appeal and this court is now without jurisdiction to proceed.

---

2. Both Rules 52(b) and 59 require that the respective motions be served not later than 10 days after entry of the judgment. *See* Fed.R.Civ.P. 52(b), 59(b).