672 S.E.2d 576

**William D. CURTIS, Respondent,**

v.

**Brandon T. BLAKE, Petitioner.**

**No. 26583.**

Supreme Court of South Carolina.

Heard Nov. 6, 2008.

Filed Jan. 20, 2009.

Thomas J. Keaveny, II, and Bob J. Conley, both of Simons & Keaveny, of Charleston, for Petitioner.

C. Bradley Hutto, of Williams & Williams, of Orangeburg, and Mark Brandon Tinsley, of Gooding & Gooding, of Allendale, for Respondent.

Justice WALLER:

We granted a writ of certiorari to review an order of the Court of Appeals which dismissed the appeal of Petitioner Brandon Blake as untimely. We find Petitioner's appeal was timely filed and, accordingly, we reverse and remand.

## FACTS

A jury awarded Respondent, William Curtis, a $450,000 verdict for injuries sustained in an auto accident with Petitioner, Blake. Immediately following the verdict, on October 31, 2005, Blake requested to make post-trial motions at a later date. The trial court ruled post-trial motions could be made in written form, stating, "We'll have ten days to file any post-trial motions. And y'all can just send those to me in Spartanburg, and I will rule on those without the necessity of actual oral argument."

On November 10, 2005, the tenth day after the verdict, Blake served opposing counsel with a Rule 59(b) motion for new trial by placing it in the mail. The motion was filed by the Orangeburg Clerk of Court five days later, on November 15, 2005. Curtis responded, claiming the motion was untimely as it was not filed within the ten days allotted by the trial judge; the circuit court ruled the motion was timely but denied the motion for a new trial on the merits.

Blake's appeal to the Court of Appeals was dismissed by Judge Cureton on the ground that the appeal was untimely. Judge Cureton ruled the motion had to be delivered to and received by the Clerk of Court no later than November 10, 2005 in order to comply with the trial court's instructions. As it did not, Judge Cureton found the late-filed motion did not stay the time for service of the notice of appeal, such that the

appeal was untimely.[1]  On motion for reconsideration, a three-judge panel of the Court of Appeals affirmed.

## ISSUE

Did the Court of Appeals err in dismissing the appeal as untimely where the motion for a new trial was served on opposing counsel on the tenth day after trial?

## DISCUSSION

A "motion for a new trial shall be **made** promptly after the jury is discharged, or in the discretion of the court not later than 10 days thereafter." Rule 59(b), SCRCP. (Emphasis supplied). A timely Rule 59 motion stays the time for an appeal for all parties until receipt of written notice of entry of the order granting or denying such motion. *Elam v. SCDOT*, 361 S.C. 9, 602 S.E.2d 772 (2004). The question here is whether the post-trial motion was "made" at the time it was filed with the court, or when it was served on opposing counsel. We find the motion was "made" when it was placed in the mail for service on opposing counsel.

The trial judge here exercised his discretion in allowing the parties ten days in which to make a post-trial motion. The court then ruled the motion, which was served on the tenth day, was timely made. We agree.

Although Rule 59(b) does not define the term "made," other portions of Rule 59 utilize service as the effective date. For example, Rule 59(c) sets for the Time for Serving Affidavits, stating, "[w]hen a motion for new trial is based upon affidavits they shall be served with the motion." Similarly, Rule 59(d) permits a court on its own initiative to "grant a motion for a new trial, timely served . . ." Under Rule 59(e), "a motion to alter or amend the judgment shall be served not later than 10 days after receipt of written notice of the entry of the order." [2]

---

1. Pursuant to Rule 59(f), the time for appeal is stayed by a **timely** Rule 59 motion.

2. In contrast, the current federal version of Rule 59(b) specifically requires a new trial be **filed** no later than 10 days after the entry of judgment, and Rule 59(c) and (e) also specifically require **filing** rather than **service**. Prior to the Federal Rule 59's amendment in 1995, it was

Furthermore, this Court has previously held Rule 59(b) requires **service** of post trial motions within ten days after judgment. *See Diamond Jewelers v. Naegele Outdoor Advertising,* 290 S.C. 260, 349 S.E.2d 888 (1985) (recognizing post-trial motions to amend, alter and for a new trial must be served not later than ten days after entry of judgment).

Accordingly, we hold a motion for a new trial is timely so long as it is served within the time period allotted by the trial judge.[3] We find the trial court properly held Blake's motion for a new trial was timely. We reinstate the appeal and remand the matter to the Court of Appeals for consideration on the merits.

**REVERSED AND REMANDED.**

TOAL, C.J., PLEICONES, BEATTY and KITTREDGE, JJ., concur.

---

the date of **service** of the motion rather than the date of filing which was significant. If service was timely, it was sufficient if the motion was filed within a reasonable time after service. *See* 11 Charles Alan Wright and Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure,* § 2812 (1995).

**3.** It is, however, within the trial court's discretion whether to allow up to ten days for post-trial motions to be made.