689 S.E.2d 634

**Theresa H. CAMP and William James Camp, Respondents,**

v.

**James Scott CAMP, Petitioner.**

**No. 26775.**

Supreme Court of South Carolina.

Heard Nov. 3, 2009.

Decided Feb. 16, 2010.

G. Waring Parker, of Summerville, for Petitioner.

William E. Hopkins, Jr., of McCutchen Blanton Hopkins & Campbell, of Columbia, for Respondents.

Chief Justice TOAL.

In this family court case, we granted James Scott Camp's (Father) petition for a writ of certiorari to review the court of appeals' decision in *Camp v. Camp*, 378 S.C. 237, 662 S.E.2d 458 (Ct.App.2008). We reverse.

## FACTS/PROCEDURAL HISTORY

Father and Theresa H. Camp (Mother) are the parents of William James Camp (Son), who was born September 22, 1987. Father and Mother divorced in 2003. In 2005, Son began attending the University of South Carolina. The divorce decree did not address the issue of the parties' respective financial responsibilities for Son's college education. Although Mother and Son sought financial assistance from Father, Father refused to assist with Son's college expenses.

Thereafter, Mother and Son (Respondents) filed suit against Father seeking contribution toward Son's college education. On August 1, 2006, the family court filed an order directing Father to pay seventy percent of Son's college tuition, fees, and associated expenses. The family court also awarded Respondents attorney's fees in the amount of $4,000.00.

On August 11, 2006, Father filed a motion for reconsideration which stated, in its entirety:

PLEASE be advised that the Defendant through his undersigned attorney, will move before the Honorable David Sawyer, Jr., to reconsider the ruling in his Order dated July 26, 2006, in awarding Plaintiff, William James Camp's college expenses and costs.

This motion hearing is set to be heard on the 18th day of October, 2006, at 3:45 o'clock, p.m.

Please be present to defend if so minded.

There was no accompanying brief in support of the motion.

Respondents filed a memorandum in response to this motion on October, 16 2006. Respondents argued, *inter alia*, that Father's motion failed to state with particularity the grounds upon which the motion was based or the specific relief sought. Father filed a memorandum in support of the motion for reconsideration on October 18, 2006. After a hearing, the family court denied Father's motion in an order filed October 26, 2006.[1]

Father filed a notice of appeal on November 16, 2006; less than thirty days after the family court's denial of the motion for reconsideration, but well over three months after the date of the original order. Respondents argued that because Father's motion for reconsideration was not valid under the Rules of Civil Procedure, the motion did not toll the time for filing a notice of appeal, and therefore, the appeal was not timely. The court of appeals found the appeal untimely and dismissed.

### ISSUE

Did the court of appeals err in dismissing the appeal?

### STANDARD OF REVIEW

This case raises a novel question. In a case that raises a novel question of law, we are free to decide the question with no particular deference to the lower court. *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 411, 526 S.E.2d 716, 718–19 (2000).

### LAW/ANALYSIS

When seeking review of a family court's order, a notice of appeal must be served on all respondents within thirty days after receipt of written notice of the order or judgment. *See* Rule 203(b)(1) & (3), SCACR. Service of the notice of appeal is a "jurisdictional requirement, and this Court has no authority to extend or expand the time in which

---

1. The issue of the sufficiency of the motion was not mentioned at the hearing before the family court.

the notice of intent to appeal must be served." *Mears v. Mears*, 287 S.C. 168, 169, 337 S.E.2d 206, 207 (1985). A timely post-trial motion, including a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP, stays the time for an appeal for all parties until receipt of written notice of entry of the order granting or denying such motion. *Elam v. South Carolina Dep't of Transp.*, 361 S.C. 9, 15, 602 S.E.2d 772, 775 (2004); Rule 203(b)(1), SCACR; Rule 59(f), SCRCP.

Rule 7(b)(1), SCRCP requires that motions "shall state with particularity the grounds therefor, and shall set forth the relief or order sought." [2] The particularity requirement "is to be read flexibly in 'recognition of the peculiar circumstances of the case.'" *Cambridge Plating Co., Inc. v. Napco, Inc.*, 85 F.3d 752, 760 (1st Cir.1996) (quoting *Registration Control Sys., Inc. v. Compusystems, Inc.*, 922 F.2d 805, 808 (Fed.Cir.1990)).[3] "By requiring notice to the court and the opposing party of the basis for the motion, rule 7(b)(1) advances the policies of reducing prejudice to either party and assuring that 'the court can comprehend the basis of the motion and deal with it fairly.'" *Calderon v. Kansas Dept. of Soc. and Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir.1999) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1192, at 42 (2d ed.1990)). Therefore, when a motion is challenged for a lack of particularity, the court should ask "whether any party is prejudiced by a lack of particularity or 'whether the court can comprehend the basis for the motion and deal with it fairly.'" *Registration Control*, 922 F.2d at 807–08 (quoting 5 Wright & Miller, *Federal Practice and Procedure* § 1192, at 42). "The particularity requirement should not be applied in an overly technical fashion when the purpose behind the rule is not jeopardized." *Andreas v. Volkswagen of Am., Inc.*, 336 F.3d 789, 793 (8th Cir.2003) (citations omitted).

---

**2.** The federal rule 7(b)(1) is substantively the same as South Carolina's Rule 7(b)(1).

**3.** " '[N]on-particularized motions have been allowed where the opposing party knew or had notice of the particular grounds being relied upon.' " *Registration Control*, 922 F.2d at 808 (quoting 2A James Wm. Moore et al., *Moore's Federal Practice* ¶ 7.05, at 7–16 (1990)).

■ Because the particularity requirement is to be read flexibly in light of the peculiar circumstances of each case, we do not believe applying the particularity requirement in an overly technical fashion in this case would serve the purpose behind the rule. Applying an overly technical analysis in this instance would not reduce prejudice to either party nor would it assure the court that it would be able to deal with the motion fairly. In our view, neither party was prejudiced by Father's motion for reconsideration, and it appears from the record the court was able to both comprehend the motion and deal with it fairly. The trial court's order denying Father's motion for reconsideration stated that "[b]ased on the arguments of counsel" the motion was denied. Hence, neither party was prejudiced, and the court dealt with the motion fairly.

## CONCLUSION

When neither party is prejudiced and the court is able to deal fairly with a motion for reconsideration, applying an overly technical reading of the rules does not serve the purpose of Rule 7(b)(1), SCRCP. For these reasons, we reverse the court of appeals decision and hold Father's motion for reconsideration tolled the time for filing a notice of appeal.

PLEICONES, BEATTY and KITTREDGE, JJ., concur.

WALLER, J., dissenting in a separate opinion.

Justice WALLER, dissenting.

I respectfully dissent. In my opinion, the Court of Appeals properly found Father's motion for reconsideration was defective under Rule 7(b)(1), SCRCP, and therefore, the motion failed to toll the time for filing the notice of appeal. Accordingly, I would affirm.

The Court of Appeals relied on *Martinez v. Trainor*, 556 F.2d 818 (7th Cir.1977). In *Martinez*, the court found that a one-sentence Rule 59(e) motion failed to satisfy the particularity requirement of Rule 7(b)(1), Fed.R.Civ.P.,[4] because the motion "failed to state even one ground for granting the

---

4. The federal rule 7(b)(1) is substantively the same as South Carolina's Rule 7(b)(1).

motion and thus failed to meet the minimal standard of reasonable specification.' " [5] *Martinez,* 556 F.2d at 820 (quoting 2–A Moore's Federal Practice (3rd ed. 1975)). Although the appellant had later filed a brief in support of the motion, the *Martinez* court explained that "if a party could file a skeleton motion and later fill it in, the purpose of the time limitation would be defeated." *Id.*[6]

The Court of Appeals in the instant case reasoned that to permit an insufficient post-trial motion to toll the time for filing an appeal would allow a litigant "to buy time without asserting a meritorious claim" which in turn would "further neither justice nor efficiency." *Camp v. Camp,* 378 S.C. at 242, 662 S.E.2d at 461. Moreover, the Court of Appeals recognized that Father not only failed to specify the grounds for the motion for reconsideration, but failed to identify the relief that was sought. The Court of Appeals therefore stated the following:

---

**5.** The motion in *Martinez* stated as follows:

NOW COMES the Defendant James L. Trainor, Director, ILLINOIS DEPARTMENT OF PUBLIC AID, by and through his attorney, WILLIAM J. SCOTT, Attorney General of Illinois, requests this Honorable Court, pursuant to Rule 59(e) FRCP, to alter, amend, or vacate the Declaratory Judgment entered November 11, 1976.

**6.** Other federal and state courts are in accord with *Martinez.* *See Intera Corp. v. Henderson,* 428 F.3d 605, 611 (6th Cir.2005) ("A party who files a Rule 59(e) motion must comply with the motions filing requirements set forth in Fed.R.Civ.P. 7(b)."); *Talano v. Northwestern Med. Faculty Foundation, Inc.,* 273 F.3d 757, 761 (7th Cir.2001) (a Rule 59(e) motion "devoid of specificity" for its reasons for reconsideration does not satisfy Rule 7(b)(1), and therefore does not toll the time period for filing an appeal); *Riley v. Northwestern Bell Telephone Co.,* 1 F.3d 725, 727 (8th Cir.1993) (where the court dismissed for lack of appellate jurisdiction and stated that "overlooking the defect" of a skeletal motion "would only serve to whittle away at the rules and ultimately render them meaningless and unenforceable"); *Allender v. Raytheon Aircraft Co.,* 439 F.3d 1236, 1240 (10th Cir.2006) (where Rule 59(e) motion "did not provide a single ground for relief," it was held insufficient and therefore did not toll the time for filing notice of appeal); *N.C. Alliance for Transp. Reform, Inc. v. N.C. Dep't of Transp.,* 183 N.C.App. 466, 645 S.E.2d 105 (2007) (where a Rule 59 motion fails to list the grounds on which the motion is based, the time for filing an appeal is not tolled); *Schaan v. Magic City Beverage Co.,* 609 N.W.2d 82 (N.D.2000) (where the court deemed invalid a motion for new trial because it was lacking in particularity and thus concluded the time for filing an appeal was not tolled).

Our rules clearly state the requirements for motions and for appeals. Permitting a post-trial motion that identifies neither the grounds on which it relies nor the relief sought to stay the time for appeal under Rule 59(e), SCRCP, would undermine our procedural rules. Moreover, it would encourage parties to file baseless post-trial motions with the expectation of "filling in the blanks" at a later date.

*Id.* at 243, 662 S.E.2d at 461.

I agree with the Court of Appeals' analysis. To allow such patently defective motions to stay the time period for filing an appeal would "whittle away at the rules and ultimately render them meaningless." *Riley v. Northwestern Bell Tel. Co.*, 1 F.3d 725, 727 (8th Cir.1993).

The majority concludes that as long as "neither party is prejudiced and the court is able to deal fairly with a motion for reconsideration," then a skeletal motion is proper. I believe this effectively vitiates the plain (and relatively undemanding) requirements of the applicable rules of civil procedure. *See* Rule 7(b)(1), 59(g), SCRCP. Moreover, it will create unnecessary fact-intensive inquiries by our appellate courts to determine whether parties were—in fact—prejudiced by an insufficient motion.

I would affirm the Court of Appeals' decision to dismiss the appeal.