THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Michael R. and
 Donna S. Ugino, Appellants,
 
 
 

v.

 
 
 
 Carl W. Peter,
 H. Stephen Ray, individually and in his capacity as an agent for Wachovia
 Mortgage Corporation, and Wachovia Mortgage Corporation,
 Of whom Carl W.
 Peter is Respondent.
 
 
 

Appeal From Lexington County
R. Knox McMahon, Circuit Court Judge

Unpublished Opinion No. 2011-UP-364
 Submitted May 1, 2011  Filed June 30,
2011    

AFFIRMED

 
 
 
 Richard J. Breibart, of Lexington, for
 Appellant.
 James Edward Bradley, of W. Columbia, for
 Respondent.
 
 
 

PER CURIAM: In
 this action for breach of contract and other claims arising from a failed real
 estate transaction, Michael R. and Donna S. Ugino appeal the grant of summary
 judgment to Carl W. Peter.  We affirm.[1]
1.  The Uginos argue
 Peter's summary judgment motion addressed only their contract claims and the
 trial judge therefore should not have dismissed their tort claims as well.  We disagree
 with these assertions.  Peter's summary judgment motion was not restricted to
 any particular cause of action asserted by the Uginos.  Furthermore, the motion
 was based in part on the failure of the financing condition in the contract. 
 An absence of a genuine issue of material fact concerning this ground would
 absolve Peter of not only the breach of contract claim but also of the Uginos'
 claim for breach of contract accompanied by a fraudulent act.  See Connor
 v. City of Forest Acres, 348 S.C. 454, 465, 560 S.E.2d 606, 612 (2002)
 (stating that one of the elements for a claim of breach of contract accompanied
 by a fraudulent act is a breach of contract).  The Uginos' fraud and negligence
 causes of action arose from Peter's agreement to purchase their home, an
 agreement that was ultimately excused under the provisions of the parties'
 contract by the failure of the financing condition, a circumstance that was not
 anticipated when the contract was made.  See Koontz v. Thomas,
 333 S.C. 702, 713, 511 S.E.2d 407, 413 (Ct. App. 1999) (stating a negligent
 misrepresentation "must relate to a present or pre-existing fact and be
 false when made").  Likewise, the gravamen of the Uginos' civil conspiracy
 claim was Peter's refusal to perform under the contract, a refusal Peter
 asserted was based on the parties' agreement and Wachovia's rejection of his
 financing application.  Given these circumstances, we hold the trial judge
 correctly considered all causes of action asserted by the Uginos in their
 complaint when he determined that Peter was entitled to summary judgment.  See Camp v. Camp, 386 S.C. 571, 575-76, 689 S.E.2d 634, 636 (2010) (holding
 that the particularity requirement of Rule 7(b)(1), SCRCP is to be read
 flexibly in light of the circumstances of each case and should not be applied in
 an overly technical fashion when doing so would not serve the purpose behind
 the rule).
2.  The Uginos
 argue the trial judge erred in holding Peter's performance under the contract
 was excused because of Peter's inability to obtain financing for his purchase
 of their home.  They base their argument on the absence of any provision in the
 contract stating that Peter needed to secure financing for one hundred percent
 of the purchase price and cite a provision in the contract indicating the
 amount to be financed and the amount to be paid down at closing were "to
 be determined."  The Uginos have correctly described these particular
 contract terms; however, we disagree that these terms are sufficient to prevent
 the grant of summary judgment.  Although the contract may not have required
 Peter to obtain financing for the entire contract price, it was contingent on both
 Peter's ability to obtain a mortgage from "the lender of his choice" and "the Property appraising, according to the Lender's appraisal or other
 appraisal as agreed, for the selling price or more."  Here, Peter's chosen
 lender did not appraise the property "for the selling price or
 more."  Although, as the Uginos note in their reply brief, Peter himself
 commissioned an appraisal that indicated the value of the subject property
 exceeded the contract price, he did not "agree" to this appraisal and
 there is no evidence that he acted unreasonably in rejecting it.  See M&M
 Group v. Holmes, 379 S.C. 468, 476, 666 S.E.2d 262, 266 (Ct. App. 2008)
 (indicating that the force and effect of a legal instrument is to be determined
 from the language in the instrument if the language is plain, unambiguous, and
 capable of only one interpretation).
3.  Finally, the
 Uginos contend that other lenders would have provided financing for one hundred
 percent of the purchase price and that Peter therefore violated an implied
 covenant of good faith and fair dealing in refusing to avail himself of these
 possibilities.  We disagree.  See Adams v. G.J. Creel & Sons,
 320 S.C. 274, 277, 465 S.E.2d 84, 85 (1995) (acknowledging that "[t]here
 exists in every contract an implied covenant of good faith and fair
 dealing," but also stating "there is no breach of an implied covenant
 of good faith where a party to a contract has done what provisions of the
 contract expressly gave him the right to do").  Here, Peter's contractual
 obligations were set forth in the parties' agreement, which further provided
 that his purchase of the Uginos' home was contingent on a condition precedent
 that was not met.  Peter applied for financing from the lender of his choice,
 as the contract required him to do.  When the lender he chose appraised the
 property for less than the selling price, Peter was not required to complete
 the sale.
AFFIRMED.
HUFF,
 WILLIAMS, and THOMAS, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.