**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Lake Marion Regional Water Agency, Respondent,

v.

Hannah W. Goodwin, Farmers Home Administration, and United States Department of Agriculture, Defendants,

Of whom Hannah W. Goodwin is the Appellant.

Appellate Case No. 2010-162006

———————

Appeal From Orangeburg County
Edgar W. Dickson, Circuit Court Judge

———————

Unpublished Opinion No. 2013-UP-088
Heard February 12, 2013 – Filed February 27, 2013

———————

**APPEAL DISMISSED**

———————

Hannah W. Goodwin, of Santee, pro se.

Michael J. Anzelmo, Charles Mitchell Brown, William C. Wood, Jr., all of Nelson Mullins Riley & Scarborough, LLP, of Columbia, and Robert F. McCurry, Jr., of Horger Barnwell & Reid, LLP, of Orangeburg, for Respondent.

**PER CURIAM:**  Pro se Appellant, Hannah Goodwin, seeks review of the trial court's order implementing a settlement agreement arising out of a condemnation action between her and Respondent, Lake Marion Regional Water Agency.  We dismiss the appeal as untimely.

"The requirement [for a timely] notice of appeal is jurisdictional, *i.e.*, if a party misses the deadline, the appellate court lacks jurisdiction to consider the appeal and has no authority or discretion to 'rescue' the delinquent party by extending or ignoring the deadline for service of the notice." *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 15, 602 S.E.2d 772, 775 (2004); *accord Camp v. Camp*, 386 S.C. 571, 574, 689 S.E.2d 634, 636 (2010) (stating courts have "no authority to extend or expand the time" for serving a notice of appeal).  Accordingly, this court must dismiss an untimely appeal without considering its merits.  *Canal Ins. Co. v. Caldwell*, 338 S.C. 1, 5, 524 S.E.2d 416, 418 (Ct. App. 1999).

A notice of appeal must be filed and served on all respondents within thirty days after receipt of written notice of entry of the order.  Rule 203(a)-(b), SCACR.  A *timely* motion to alter or amend, however, tolls this thirty-day period until the trial court resolves that motion.  *Id.*; *Elam*, 361 S.C. at 14-15, 602 S.E.2d at 775; *State v. Cooper*, 342 S.C. 389, 397, 536 S.E.2d 870, 875 (2000).

"To be timely, a post-trial motion to alter or amend must be *served* within ten days of receipt of written notice of the entry of the original order or judgment." *Canal*, 338 S.C. at 5, 524 S.E.2d at 418 (emphasis added); *accord* Rule 59(e), SCRCP. Under Rule 5(b)(1), SCRCP, two methods exist for properly serving a motion upon a party with a known address.  "Service . . . *shall* be made by *delivering* a copy . . . or by *mailing* it to him . . . ." Rule 5(b)(1), SCRCP (emphases added). "[D]elivery" includes both "handing" over of the copy, or "leaving" it at his office or place of abode, while "[s]ervice by mail is complete upon mailing of . . . papers . . . ." *Id.*

Because Appellant's intended motion was not served upon Water Agency, it was incapable of staying the time to file a notice of appeal.  *See* Rule 203(b), SCACR; Rule 5(a), SCRCP; *Canal*, 338 S.C. at 5, 524 S.E.2d at 418.  Therefore, Appellant's notice of appeal, filed more than thirty days after receiving written notice of the trial court's original order, was untimely.  *See* Rule 203(b), SCACR; *Cooper*, 342 S.C. at 397, 536 S.E.2d at 875; *Canal*, 338 S.C. at 5, 524 S.E.2d at 418.  Because

Appellant missed the applicable deadline, this court lacks jurisdiction to consider her appeal and has no discretion to ignore this defect.  *See Elam*, 361 S.C. at 15, 602 S.E.2d at 775; *Canal*, 338 S.C. at 5, 524 S.E.2d at 418 (stating failure to timely file a notice of appeal divests an appellate court of jurisdiction).  Thus, we must dismiss.

**APPEAL DISMISSED.**

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**