**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

South Carolina Department of Social Services,
Respondent,

v.

Latoria Dowdle, Darrell Smalls, Rafheal Hopper, Sr.,
Tellas Gregory, Fredrick Shippy, John Doe, Defendants.

Of Whom Darrell Smalls is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2014-001591

―――――――――――

Appeal From Cherokee County
Dale Moore Gable, Family Court Judge

―――――――――――

Unpublished Opinion No. 2015-UP-463
Submitted August 26, 2015 – Filed September 22, 2015

―――――――――――

**APPEAL DISMISSED**

―――――――――――

Kenneth Philip Shabel, of Campbell & Shabel, LLC, of
Spartanburg, for Appellant.

Travis Shane Greene, of the South Carolina Department
of Social Services, of Gaffney, for Respondent.

Beth McElroy Bullock, of Beth M. Bullock, PA, of Gaffney, for the Guardian ad Litem.

---

**PER CURIAM:**  Darrell Smalls (Father) appeals the family court's final order terminating his parental rights to his minor child.  *See* S.C. Code Ann. § 63-7-2570 (Supp. 2014).  We dismiss the appeal for failure to timely serve the notice of appeal.

The time for serving the notice of appeal is stayed by a timely Rule 52 or Rule 59, SCRCP motion.  *See* Rules 52(c) and 59(f), SCRCP (providing that the time for appeal for all parties is stayed by a timely motion under Rule 52 or 59, SCRCP).  However, Father failed to serve the South Carolina Department of Social Services with the motion.  Accordingly, no timely motion to reconsider was made, and the time for serving the notice of appeal was not stayed.  *See* Rule 52(b), SCRCP (providing that a motion to amend findings or make additional findings must be made not later than ten days after receipt of written notice of entry of judgment); *Curtis v. Blake*, 381 S.C. 189, 191, 672 S.E.2d 576, 577 (2009) (finding a post-trial motion for a new trial under Rule 59(b), SCRCP, "was 'made' when it was placed in the mail for service on opposing counsel"); Rule 59(e), SCRCP ("A motion to alter or amend the judgment shall be served not later than [ten] days after receipt of written notice of the entry of the order."); Rule 5(a), SCRCP ("[W]ritten motions . . . shall be served upon each of the parties of record.").

Because Father's post-trial motion did not stay the time for appeal, Father's notice of appeal was not timely served.  *See Camp v. Camp*, 386 S.C. 571, 574, 689 S.E.2d 634, 636 (2010) ("When seeking review of a family court's order, a notice of appeal must be served on all respondents within thirty days after receipt of written notice of the order or judgment."); Rule 203(b)(3), SCACR (providing a notice of appeal in a domestic relations action must be served within thirty days after receipt of written notice of entry of the order or judgment).  Accordingly, this court does not have jurisdiction over this case and must dismiss this appeal.  *See Snavely v. AMISUB of S.C., Inc.*, 379 S.C. 386, 397, 665 S.E.2d 222, 227 (Ct. App. 2008) (finding an issue was not properly before the appellate court because the appellant failed to serve her motion to alter or amend pursuant to Rules 5(a) and 59(e), SCRCP); *Mears v. Mears*, 287 S.C. 168, 169, 337 S.E.2d 206, 207 (1985) ("Service of the notice of intent to appeal is a jurisdictional requirement, and [an

appellate court] has no authority to extend or expand the time in which the notice of intent to appeal must be served.").

**APPEAL DISMISSED.**

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**