**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jessica Erica Kinsale, Appellant,

v.

Kirk Shawn Kinsale, Respondent.

Appellate Case No. 2015-001919

Appeal From Richland County
Monét S. Pincus, Family Court Judge

Unpublished Opinion No. 2017-UP-270
Heard June 5, 2017 – Filed July 5, 2017

**AFFIRMED**

V. Kana Rahman, of Kana Law, LLC, and Bertila Ivane
Delora Boyd-Bostic, of Bostic & Boyd, LLC, both of
Columbia, for Appellant.

Thomas M. Neal, III, of Law Offices of Thomas M. Neal,
III, and Cyril B. Rush, Jr., of The Rush Law Firm, LLC,
both of Columbia, for Respondent.

**PER CURIAM:** In this divorce action, Jessica Erica Kinsale (Wife) appeals the family court's decision on several issues involving marital property and equitable

distribution.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether our court lacks jurisdiction over this matter due to an untimely notice of appeal and an untimely Rule 59(e), SCRCP, motion by Wife: Rule 203(b)(1), SCACR ("When a timely . . . motion to alter or amend the judgment (Rules 52 and 59, SCRCP) . . . has been made, the time for appeal for *all* parties shall be stayed and shall run from receipt of written notice of entry of the order granting or denying such motion." (emphasis added)); *Camp v. Camp*, 386 S.C. 571, 575, 689 S.E.2d 634, 636 (2010) ("A timely post-trial motion, including a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP, stays the time for an appeal for *all* parties until receipt of written notice of entry of the order granting or denying such motion." (emphasis added)).

2.      As to whether the family court erred in determining the daycare business was marital property: S.C. Code Ann. § 20-3-630(A) (2014) (providing marital property includes all real and personal property the parties acquired during the marriage and owned as of the date of filing or commencement of marital litigation); *Wilburn v. Wilburn*, 403 S.C. 372, 382, 743 S.E.2d 734, 740 (2013) ("A party claiming an equitable interest in property upon divorce bears the burden of proving the property is marital.  If the party presents evidence to show the property is marital, the burden shifts to the other spouse to present evidence to establish the property's nonmarital character." (citation omitted)).

3.      As to whether the family court erred in not ruling on the issue of property taxes: *Floyd v. Floyd*, 365 S.C. 56, 73, 615 S.E.2d 465, 474 (Ct. App. 2005) (providing that when the family court makes a general ruling on an issue, but does not address the specific argument raised by the appellant and the appellant does not make a motion to alter or amend pursuant to Rule 59(e), SCRCP, to obtain a ruling on the argument, this court cannot consider the argument), *overturned on other grounds by* 2008 S.C. Acts 211, § 1.

4.      As to all remaining issues: *McComb v. Conard*, 394 S.C. 416, 426-27, 715 S.E.2d 662, 667 (Ct. App. 2011) ("[W]hen an appellant neither raises an issue at trial nor through a Rule 59(e), SCRCP, motion, the issue is not preserved for appellate review." (quoting *Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 55 (Ct. App. 2006))); *id.* at 427, 715 S.E.2d at 667 ("When a party receives an order that grants certain relief not previously contemplated or presented to the trial court, the aggrieved party must move, pursuant to Rule 59(e), SCRCP, to alter or amend the

judgment in order to preserve the issue for appeal." (alteration by court) (quoting *In re Timmerman*, 331 S.C. 455, 460, 502 S.E.2d 920, 922 (Ct. App. 1998))).

**AFFIRMED.**

**SHORT, WILLIAMS, and KONDUROS, JJ., concur.**