**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lahitsha Hampton, Respondent,

v.

George Edward Willoughby, Richard Mann, and William Sherman, Defendants,

of Whom William Sherman is the Appellant.

Appellate Case No. 2017-000674

---

Appeal From Greenville County
Letitia H. Verdin, Circuit Court Judge

---

Unpublished Opinion No. 2018-UP-412
Submitted September 1, 2018 – Filed November 7, 2018

---

**AFFIRMED**

---

Matthew Clark LaFave, of Crowe LaFave, LLC, of Columbia, for Appellant.

Brian T. Smith, of Brian T. Smith Law Offices, of Greenville, for Respondent.

---

**PER CURIAM:** William Sherman appeals the following circuit court orders: (1) a July 28, 2016 order denying Sherman's motion for relief from the entry of default

and (2) a November 9, 2016 order denying Sherman's motion to stay enforcement of the default judgment. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to issue one: *Sundown Operating Co. v. Intedge Indus., Inc.*, 383 S.C. 601, 606, 681 S.E.2d 885, 888 (2009) ("The decision whether to set aside an entry of default or a default judgment lies solely within the sound discretion of the [circuit court]."); *id.* ("The [circuit] court's decision will not be disturbed on appeal absent a clear showing of an abuse of that discretion."); *Stark Truss Co., Inc. v. Superior Constr. Corp.*, 360 S.C. 503, 510, 602 S.E.2d 99, 102-103 (Ct. App. 2004) ("In reviewing the court's exercise of discretion, the issue before the appellate court is not whether it believes good cause existed to set aside the default, 'but rather, whether the [circuit court's] determination is supportable by the evidence and not controlled by an error of law.'" (quoting *Pilgrim v. Miller*, 350 S.C. 637, 641, 567 S.E.2d 527, 528 (Ct. App. 2002))); *Sundown*, 383 S.C. at 607, 681 S.E.2d at 888 ("Rule 55(a)[, SCRCP] provides that when a party fails to respond to a complaint, the clerk shall record an entry of default."); *id.* ("However, Rule 55(c)[, SCRCP,] permits a party to move to set aside the entry of default."); *id.* ("The standard for granting relief from an entry of default under Rule 55(c) is mere 'good cause.'"); *id.* ("This standard requires a party seeking relief from an entry of default under Rule 55(c) to provide an explanation for the default and give reasons why vacation of the default entry would serve the interests of justice."); *Hill v. Dotts*, 345 S.C. 304, 310, 547 S.E.2d 894, 897 (Ct. App. 2001) ("[A] party has a duty to monitor the progress of his case. Lack of familiarity with legal proceedings is unacceptable and the court will not hold a layman to any lesser standard than is applied to an attorney." (alteration by court) (quoting *Goodson v. Am. Bankers Ins. Co.*, 295 S.C. 400, 403, 368 S.E.2d 687, 689 (Ct. App. 1988))); *Sundown*, 383 S.C. at 608, 681 S.E.2d at 888 ("The [circuit] court need not make specific findings of fact for each [*Wham*[2]] factor if there is sufficient evidentiary support on the record for the finding of the lack of good cause.").[3]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] *Wham v. Shearson Lehman Bros., Inc.*, 298 S.C. 462, 465, 381 S.E.2d 499, 501-02 (Ct. App.1989) ("In determining [whether to set aside an entry of default], the [circuit court], exercising a broader, more liberal discretion than [it] otherwise would under Rule 60(b), shall consider the following factors: (1) the timing of [the defendant's] motion for relief; (2) whether [the defendant] has a meritorious defense; and (3) the degree of prejudice to [the plaintiff] if relief is granted.").
[3] Although Hampton contends this appeal is not properly before this court because Sherman failed to serve his notice of appeal within thirty days after the circuit

2. As to issue two: Rule 54(b), SCRCP ("When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."); Rule 62(h), SCRCP ("When a court has ordered a final judgment under the conditions stated in Rule 54(b), the court *may stay* enforcement of that judgment until the entering of a subsequent judgment or judgments and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment is entered." (emphasis added)).

**AFFIRMED.**

**LOCKEMY, C.J., and THOMAS and GEATHERS, JJ., concur.**

---

court's award of damages against him, we find Sherman's Rule 59(e), SCRCP, motion relating to the circuit court's denial of his motion to stay the enforcement of the default judgment tolled the time for filing a notice of appeal challenging the circuit court's denial of Sherman's motion for relief from default. *See Lucey v. Meyer*, 401 S.C. 122, 131, 736 S.E.2d 274, 279 (Ct. App. 2012) ("A timely post-trial motion, including a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP, stays the time for an appeal for all parties until receipt of written notice of entry of the order granting or denying such motion." (quoting *Camp v. Camp*, 386 S.C. 571, 575, 689 S.E.2d 634, 636 (2010))).