Patricia Flatley MEARS, Respondent, v. George Stephen MEARS, Appellant.

(337 S. E. (2d) 206)

Supreme Court

## ORDER

### Aug. 29, 1985.

Appellant petitions this Court to relax Supreme Court Rule 1, § 1 A and § 1 C. Respondent has filed a return in which she opposes the petition.

Appellant's counsel received written notice that the order had been rendered on April 29, 1985. Appellant did not serve the notice of intent to appeal on opposing counsel until June 14, 1985.

Under Supreme Court Rule 1, § 1 A, the notice of intent to appeal should have been served on the opposing party or his attorney within ten (10) days of receipt of written notice that the order had been rendered. Therefore, appellant's service of the notice of intent to appeal was untimely by some thirty-six (36) days.

Service of the notice of intent to appeal is a jurisdictional requirement, and this Court has no authority to extend or expand the time in which the notice of intent to appeal must be served. *Stroup v. Duke Power Co.*, 216 S. C. 79, 56 S. E. (2d) 745 (1949); *Wade v. Gore*, 154 S. C. 262, 151 S. E. 470 (1930); *Renneker v. Warren*, 20 S. C. 581 (1884). Accordingly, this appeal is dismissed. *First Carolina National Bank v. A & S Enterprises, Inc.*, 272 S. C. 339, 251 S. E. (2d) 762 (1979).

We note that Act No. 100 of 1985 has repealed S. C. Code Ann. § 18-9-60 (1976) upon which Supreme Court Rule 1, § 1 A, is based. Despite this repeal, the timely service of the notice of intent to appeal will remain a jurisdictional requirement.

It is so ordered.