THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Jerry Louis Brown,       
Appellant,
 
 
 

v.

 
 
 
Sylvester R. Harper; and Charleston Police Department,       
Respondents.
 
 
 

Appeal From Charleston County
Roger M. Young, Special Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-368
Submitted March 19, 2004  Filed June 
 10, 2004

AFFIRMED IN PART; APPEAL DISMISSED 
 IN PART

 
 
 
Jerry Louis Brown, of Ridgeville, pro se.
Sandra J. Senn, of Charleston and Stephanie Pendarvis McDonald, 
 of Mt. Pleasant, for Respondents.
 
 
 

PER CURIAM:  Jerry Louis Brown appeals the 
 dismissal of his action for damages allegedly resulting from a police investigation 
 and the service of arrest warrants on him.  We dismiss Browns appeal of the 
 issues raised in his motion to alter judgment and affirm the trial courts ruling 
 on the remaining issue. [1] 
FACTS AND PROCEDURAL BACKGROUND
On October 25, 2000, Brown, an inmate in the custody 
 of the South Carolina Department of Corrections, brought a civil rights action 
 in the United States District Court against Sylvester R. Harper and the Charleston 
 Police Department, alleging, among other things, fraud and negligence.  On 
 October 31, 2000, United States Magistrate Judge Joseph R. McCrorey issued a 
 report recommending that the District Court dismiss Browns complaint without 
 prejudice and without issuance and service of process. 
On December 27, 2000, Brown filed an action in 
 the Ninth Judicial Circuit Court of Common Pleas alleging among other things 
 that Harper, an officer with the Charleston Police Department, violated 
 Browns civil rights during the course of an investigation concerning Brown. 
 [2] 
On February 2, 2001, Defendants notified Brown 
 the action was removed to the Charleston Division of United States District 
 Court for the District of South Carolina.  By order entered April 26, 
 2001, United States District Judge David C. Norton dismissed Browns action 
 without prejudice and denied Browns request to remand the case to the Charleston 
 County Court of Common Pleas, but also provided that Brown could refile in state 
 court if he wished. 
On June 15, 2001, Brown filed another 
 action against Harper and the Charleston Police Department in the Ninth Judicial 
 Circuit Court of Common Pleas.  Defendants moved to dismiss the action 
 on July 12, 2001.  On August 10, 2001, Brown filed a COMPLAINT OF JOINDERS 
 AS DEFENDANTS against Julie J. Armstrong and Sandra J. Senn in there personal 
 capacitys and professional capacitys. 
 [3]   Defendants then filed a motion to dismiss Browns complaint 
 of joinders and requested other relief, including sanctions against Brown, 
 a preliminary injunction on future cases, and the imposition of a strike against 
 Brown.  In response, Brown moved to strike Defendants motion.
On May 1, 2002, Judge Young, sitting as 
 a special circuit judge, conducted a hearing on both motions.  At the 
 conclusion of the hearing, Brown sought and received an additional ten days 
 to file a supplemental memorandum of law and any other materials he felt necessary 
 to respond to Defendants arguments. 
By order dated and filed July 12, 2002, 
 Judge Young granted Defendants motion to dismiss the lawsuit and Browns complaint 
 of joinders.  The grounds for dismissal of the action were (1) the action 
 was time-barred, (2) Defendants were immune from suit, and (3) Brown could not 
 attack the validity of his conviction through a tort and civil rights action.  
 In the same order, Judge Young denied Defendants motion for sanctions; however, 
 he included a statement admonishing Brown that future filings in either this 
 or any other frivolous matter will not be so kindly tolerated.
 On July 25, 2002, Brown filed a motion 
 under Rule 59(e) of the South Carolina Rules of Civil Procedure to alter the 
 judgment, alleging that Defendants had waived all claims under Rule 41(c) 
 of the South Carolina Rules of Civil Procedure.  Judge Young denied Browns 
 motion by order dated August 12, 2002, and filed August 13, 2002.  Brown 
 received notice of the denial on August 21, 2002. 
On  August 20, 2002, Brown filed a motion 
 from relief from order under Rule 60(b) of the South Carolina Rules of Civil 
 Procedure arguing as grounds:  Special circuit court judge, lacked subject 
 matter jurisdiction over the parties, when the plaintiff made timely objection 
 upon the record and request jury trial on the matter, and the judgement should 
 be made void.  He further alleged this amounted to an improper deprivation 
 of his constitutional right to a jury trial under the seventh amendment of the 
 federal constitution, as well as a violation of his due process and equal protection 
 rights. 
By order dated and filed October 21, 2002, 
 Judge Young denied the motion, noting he heard the motion not as Master-in-Equity 
 for Charleston County, but rather as Special Circuit Court Judge for Charleston 
 County under appointment of the Chief Justice. 
Browns notice of appeal in this case 
 is dated November 12, 2002.  In his appellants brief, Brown argues (1) 
 Defendants were equitably estopped from raising the statute of limitations as 
 a bar to Browns action, (2) the removal of this action to the federal district 
 court was improper, and (3) because he had demanded a jury trial, the Master-in-Equity 
 would lack subject matter jurisdiction over summary dismissal.
LAW/ANALYSIS
1.  Defendants argue Browns appeal is untimely and should 
 be dismissed.  We agree with this argument insofar as it concerns the first 
 two issues Brown discusses in his brief.    
Brown does not deny that he received the order denying his 
 Rule 59(e) motion on August 21, 2002.  Because Browns notice of appeal, 
 dated November 12, 2002, was filed and served more than thirty days after his 
 receipt of the order denying his initial post-trial motion, it was untimely 
 and this court lacks jurisdiction to review the matters raised in the appeal 
 that arise from the orders dismissing his lawsuit and denying his Rule 59(e) 
 motion. [4]   Contrary to what 
 Brown suggests in his reply brief, his later motion under Rule 60(b) did not 
 toll the time for him to file his notice of appeal. [5] 
2.  The third matter Brown discussed in his brief, i.e., his right to a jury 
 trial, however, was the gravamen of his Rule 60(b) motion; therefore, we hold 
 that inasmuch as his notice of appeal was filed within thirty days after he 
 had received the order denying that particular motion, we have jurisdiction 
 to entertain his discussion on that issue.  Nevertheless, assuming without deciding 
 that Browns objection was properly raised in the trial court and adequately 
 briefed on appeal, we hold the special circuit judge had the authority to dismiss 
 this lawsuit, even if the effect of the dismissal was to prevent Brown from 
 obtaining a jury trial.  Contrary to what Brown has argued both to the special 
 circuit judge and to this court, the right to a jury trial does not exist with 
 respect to a complaint or declaration as to which a dismissal or nonsuit is 
 proper. [6] 
 AFFIRMED IN PART; APPEAL DISMISSED IN PART.
 GOOLSBY, HOWARD, and BEATTY, JJ., concur.

 
 
 [1]   We decide this case without oral argument pursuant to Rule 215, 
 SCACR.

 
 
 [2]   Brown later agreed with the allegations made against him and is 
 now serving a twelve-year sentence stemming from charges of lewd conduct and 
 criminal sexual conduct with a minor. 

 
 
 [3]   Armstrong is the Charleston County Clerk of Court and Senn represented 
 Harper and the Charleston Police Department.

 
 
 [4] See Rule 203(b)(1) (requiring that a notice of appeal be served 
 on all respondents within thirty days after receipt of written notice of entry 
 of the order or judgment, but further providing that[w]hen a timely . . . 
 motion to alter or amend the judgment . . . has been made, the time for appeal 
 for all parties shall be stayed and shall run from receipt of written notice 
 of entry of the order granting or denying such motion); Mears v. Mears, 
 287 S.C. 168, 337 S.E.2d 206 (1985) (holding timely service of the notice 
 of intent to appeal is a jurisdictional requirement, and this Court has no 
 authority to extend or expand the time in which the notice of intent to appeal 
 must be served).

 
 
 [5]   See Coward Hund Constr. Co. v. Ball Corp., 336 S.C. 
 1, 518 S.E.2d 56 (Ct. App. 1999) (noting that motions under Rule 60 have no 
 tolling effect on the right to appeal from a challenged judgment).

 
 
 [6]   47 Am. Jur. 2d Jury § 16 at 724 (1995).