THIS OPINION
 HAS NO PRECEDENTIAL VALUE, IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Auvo I. Kemppinen, Appellant,
 v.
 Alltel, South Carolina, Respondent.
 
 
 

Appeal From Berkeley County
 John M. Milling, Circuit Court Judge

Unpublished Opinion No. 2008-UP-262
Submitted May 1, 2008  Filed May 15, 2008   

AFFIRMED

 
 
 
 Auvo I. Kemppinen, pro se,
 for Appellant.
 Bonum Sams Wilson, III, of Charleston, for Respondent.
 
 
 

PER CURIAM: 
 This action arises from a dispute between Kemppinen and Alltel regarding a
 mobile phone account.  Kemppinen filed a complaint in magistrates court on
 January 30, 2006.  Alltel moved to dismiss pursuant to Rule 12(b)(6), SCRCP. 
 The magistrates court dismissed the action after Alltel helped to remove
 past-due mobile phone charges from Kemppinens credit history. 
Kemppinen timely filed a notice of appeal with the circuit court,
 but failed to serve Alltel or Alltels counsel with the notice of appeal.  The
 circuit court dismissed Kemppinens appeal for improper service.  Kemppinen
 filed a Motion for Reconsideration, but the circuit court denied his motion.
 Kemppinen appeals.  We affirm.[1]
[T]he procedure on appeal to the circuit court from the judgment of an inferior court
 . . . shall be in accordance with the statutes providing such appeals.  Rule
 74, SCRCP.  Section 18-7-20 of the South Carolina Code requires an appellant to serve his
 notice of appeal within thirty days of receiving written notice of judgment by
 the magistrate.  S.C. Code Ann. § 18-7-20 (Supp. 2007).   In addition, where
 the notice of appeal is required by statute, Rule 74 mandates the notice of
 appeal to the circuit court must be served on all parties within thirty (30)
 days after receipt of written notice of the judgment, order or decision
 appealed from.  Rule 74, SCRCP.
Failure to perfect an appeal from magistrates court divests the
 trial court of appellate jurisdiction.  See State v. Brown,
 358 S.C. 382, 387, 596 S.E.2d 39, 41 (2004).  Further, service
 of notice of intent to appeal on the opposing party is a jurisdictional
 requirement, and an appellate court has no authority to extend the time in which
 the notice of intent to appeal must be served.  Mears v. Mears, 287 S.C.
 168, 169, 337 S.E.2d 206, 207 (1985).
Here, Kemppinen failed to serve Alltel with the notice
 of appeal.  Accordingly, the circuit courts dismissal of Kemppinens appeal is
AFFIRMED.  
SHORT
 and KONDUROS, JJ., and GOOLSBY, A.J., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.