# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Wells Fargo Bank, N.A., successor-by-merger to Wachovia Bank, N.A., Respondent,

v.

Fallon Properties South Carolina, LLC, Timothy R. Fallon, Susan C. Fallon, Fallon Luminous Products Corporation, GE Business Capital Corporation, formerly Transamerica Business Capital Corporation, and FSD Repurchase Solutions, LLC, and South Carolina Department of Revenue, Defendants,

Of Whom Fallon Properties South Carolina, LLC, Timothy R. Fallon and Susan C. Fallon are the Petitioners.

Appellate Case No. 2015-002018

———————

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

———————

Appeal From Spartanburg County
Gordon G. Cooper, Master-in-Equity

———————

Opinion No. 27773
Heard April 12, 2017 – Filed February 28, 2018

———————

## AFFIRMED AS MODIFIED

———————

Alexander Hray, Jr., of Spartanburg, for Petitioners.

Robert L. Widener, of Columbia and Weyman C. Carter, of Greenville, both of McNair Law Firm, PA, for Respondent.

---

**CHIEF JUSTICE BEATTY:** We granted a writ of certiorari to review the Court of Appeals' decision in this case, which raises the novel issue of whether an email that provides written notice of entry of an order or judgment triggers the time for serving a notice of appeal for purposes of Rule 203(b)(1) of the South Carolina Appellate Court Rules ("SCACR"). As will be discussed, we hold that such an email, if sent from the court, an attorney of record, or a party, triggers the time to serve a notice of appeal. Because the email giving rise to this appeal was from a master-in-equity's administrative assistant and provided written notice of the entry of an order, we find the email triggered the time to appeal. Since the notice of appeal was not served until thirty-one days after the parties received the email, we agree with the Court of Appeals that the service of the notice of appeal was untimely. However, given the novelty of the issue, the frequency in which the issue is likely to arise, and the inconsistent case law interpreting Rule 203, SCACR, fairness dictates that our ruling on this issue be applied prospectively. Accordingly, we affirm as modified and remand to the Court of Appeals to allow the appeal to proceed on its merits.

## I.      Factual and Procedural History

On December 15, 2014, the master filed an order denying Fallon Properties South Carolina, LLC, Timothy R. Fallon, and Susan C. Fallon's ("Petitioners") petition for an order of appraisal. That same day, the master's administrative assistant emailed a signed and stamped copy of the order and Form 4 to both Petitioners and Wells Fargo Bank ("Respondent"). The email provided: "Please see attached copy of signed and clocked Form 4 and Order. I have also mailed a copy to all listed on the Form 4." Three days later, Petitioners received a copy of both documents in the mail.

Believing the time to appeal commenced on the day they received the copy of the order and Form 4 in the mail, Petitioners served their notice of appeal on January 15, 2015, which was thirty-one days after they received the email and twenty-eight days after they received the documents in the mail. Respondent subsequently filed a motion to dismiss, arguing the email triggered the time to appeal; therefore,

Petitioners' notice of appeal was untimely served. The Court of Appeals agreed with Respondent and dismissed the appeal.

## II.  Discussion

Petitioners argue the Court of Appeals erred in determining the email triggered the time to serve their notice of appeal. We disagree.

Rule 203(b)(1), SCACR sets forth the procedures for appealing a decision of the court of common pleas and, by way of Rule 203(b)(4), SCACR,[1] a decision of a master-in-equity. This rule provides, in pertinent part: "A notice of appeal shall be served on all respondents within thirty (30) days after *receipt of written notice of entry of the order or judgment*." Rule 203(b)(1), SCACR (emphasis added). Thus, the time to serve the notice of appeal from a master's decision begins on the day the party receives written notice that an order or judgment has been entered.

To be clear, Petitioners do not dispute that the email constituted written notice of entry of the order or judgment. Rather, Petitioners take issue with the manner in which they *received* written notice. Petitioners contend the time to serve a notice of appeal is only triggered at the time the parties receive written notice of the entry of an order or judgment *by mail or hand delivery*. As a result, Petitioners posit the time to serve their notice of appeal did not commence until the day they received the copy of the order and Form 4 in the mail.

In support of their position, Petitioners erroneously rely on Rule 5 of the South Carolina Rules of Civil Procedure ("SCRCP"), which requires, *inter alia*, all written notices be served by mail or hand delivery. However, because we are concerned with an appellate procedure, that is, the service of a notice of appeal, the South Carolina Appellate Court Rules control; therefore, the South Carolina Rules of Civil Procedure are inapplicable to the outcome of this case. *See* Rule 101(a), SCACR (mandating that the appellate court rules govern the practice and procedure in appeals before the Supreme Court or Court of Appeals); Rule 73, SCRCP (providing the procedure on appeal to the South Carolina Supreme Court or the South Carolina Court of Appeals must be in accordance with the appellate court rules); Rule 81, SCRCP (limiting the application of the rules of civil procedure to trial courts of civil

---

[1] *See* Rule 203(b)(4), SCACR ("The notice of appeal from an order or judgment issued by a master or special referee shall be served in the same manner as provided by Rule 203(b)(1).").

jurisdiction as well as to magistrate's courts, probate courts, and family courts to the extent they are not inconsistent with the statutes and rules governing those courts). Accordingly, we will proceed to address the issue before us under the relevant appellate court rules.

Rule 203(b)(1), SCACR requires *the notice of appeal* be served within thirty days after receiving written notice of entry of the order or judgment. When determining whether the service of the notice of appeal is timely, which is the issue before us in this case, we look to the date the parties received written notice of entry of an order of judgment. Unlike the notice of appeal, there is no requirement that *the written notice of entry of an order or judgment* be served upon the parties. All that is required to trigger the time to appeal is that the parties *receive* such notice. Moreover, there is nothing in our appellate court rules suggesting that the manner in which a party may receive notice is limited to the methods used to effectuate service, that is, by mail or hand delivery. Thus, in determining the email did trigger the time to appeal, we find the Court of Appeals properly relied on *Canal Insurance Company v. Caldwell*, 338 S.C. 1, 524 S.E.2d 416 (Ct. App. 1999), wherein the court held that a fax from opposing counsel explaining judgment had been entered and providing the judgment roll number constituted receipt of written notice of entry of the judgment for purposes of Rule 203(b)(1), SCACR and triggered the time to appeal.

In *Canal*, the trial court granted summary judgment in favor of the respondent on March 17, 1997. *Canal*, 338 S.C. at 4, 524 S.E.2d at 417. Two days later, a form judgment was entered, indicating copies were mailed to all parties. *Id*. On June 24, 1997, appellants' counsel wrote opposing counsel inquiring about the status of the final order, which he allegedly did not receive. *Id*. On July 8, 1997, respondent's counsel faxed and mailed appellants' counsel informing him judgment was entered on March 19, 1997 and providing him with the judgment roll number. *Id*. One month later, appellants' counsel wrote the clerk's office requesting a copy of the judgment, which he received on August 12, 1997. *Id*. at 4-5, 524 S.E.2d at 417. Ten days after receiving the copy of the judgment, appellants' counsel filed a motion to reconsider. *Id*. at 5, 524 S.E.2d at 417. After determining the motion to reconsider was timely, the trial court withdrew its original order and substituted a revised order from which appellants appealed to the Court of Appeals. *Id*. at 5, 524 S.E.2d at 417-18. Respondent contended the Court of Appeals lacked subject matter jurisdiction to hear the appeal because appellants' service of the notice of appeal was untimely.

In concluding it did not have subject matter jurisdiction over the case, the Court of Appeals determined: "[e]ven if [appellants'] counsel did not in fact receive

the trial court's original form order, *there is no question that he received written notice of entry of the judgment . . . on July 8, 1997*," which was the day opposing counsel sent the fax. *Id*. at 5, 524 S.E.2d at 418 (emphasis added). According to the court, because counsel waited a month to request a copy of the order, his motion to reconsider was not timely and, thus, did not stay the time for appeal. *Id*. at 6, 524 S.E.2d at 418. As a result, the court found counsel should have served the notice of appeal on or before August 7, 1997. *Id*.

Similarly, we hold an email providing written notice of entry of an order or judgment for purposes of Rule 203(b)(1), SCACR triggers the time to appeal *as long as the email is received from the court, an attorney of record, or a party*. Here, it is undisputed the email Petitioners received came from the master's administrative assistant and provided written notice of the entry of the order. Consequently, we find Petitioners' receipt of the email triggered the time to appeal. Although Petitioners also received written notice by mail three days after receiving the email, the time to serve the notice of appeal commenced at the time the parties *first* received written notice of entry of the order. Accordingly, we find the Court of Appeals correctly determined the time to appeal was triggered on the day the parties received the email; therefore, the notice of appeal served thirty-one days thereafter was untimely.

Nevertheless, fairness dictates that our holding on this issue be applied prospectively given the novelty of the issue, the frequency in which the issue is likely to arise, and the inconsistency in the case law interpreting Rule 203, SCACR, which creates confusion as to whether receipt of electronic correspondence is sufficient to trigger the time to appeal. Specifically, we take issue with the Court of Appeals' decision in *White v. South Carolina Department of Health and Environmental Control*, 392 S.C. 247, 708 S.E.2d 812 (Ct. App. 2011), wherein the court determined an email received from opposing counsel containing a signed and filed copy of an order did not trigger the time to appeal under Rule 203(b)(6), SCACR.

By way of background, unlike this case and *Canal*, *White* concerned, *inter alia*, the timeliness of a notice of appeal from a decision of the Administrative Law Court ("ALC"). Because the appeal arose out of the ALC, Rule 203(b)(6), SCACR controlled, not Rule 203(b)(1), SCACR. Rule 203(b)(6) provides: "When a statute allows a decision of the administrative law court . . . to be appealed directly to the Supreme Court or the Court of Appeals, the notice of appeal shall be served on . . . the administrative law court . . . and all parties of record within thirty (30) days after *receipt of the decision*." Rule 203(b)(6), SCACR (emphasis added). Therefore,

when determining whether the service of a notice of appeal from the ALC is timely, the court is concerned with the date the party actually receives the decision, not the date the party receives written notice that an order or judgment has been entered.

The ALC order that gave rise to the appeal in *White* was entered on January 28, 2009. *White*, 392 S.C. at 252, 708 S.E.2d at 814. On February 9, 2009, appellant's counsel received an email containing a signed and filed copy of the order from the counsel of appellant's co-defendant. *Id*. at 252, 708 S.E.2d at 814-15. Appellant subsequently served its notice of appeal on March 12, 2009. *Id*. at 252, 708 S.E.2d at 814. In arguing its notice of appeal was timely served, appellant contended the "receipt of the decision" requirement in Rule 203(b)(6), SCACR, necessitates service by mail or hand delivery; therefore, the time to file and serve the notice of appeal did not commence on the day it received the email containing the ALC's order. *Id*. at 253, 708 S.E.2d at 815.

The Court of Appeals agreed, finding "receipt of the decision" requires service and "there is nothing in the current applicable rules that authorizes service of a decision of the ALC by electronic mail." *White*, 392 S.C. at 253-54, 708 S.E.2d at 815. The court distinguished *White* from *Canal*, stating "Receipt of notice was the critical event in . . . *Canal*, whereas receipt of the order itself is the critical event under Rule 203(b)(6), SCACR, in the present case. Therefore, . . . *Canal* [is] not instructive in analyzing the 'receipt' of an ALJ's decision within the meaning of Rule 203(b)(6), SCACR."[2] *Id*. at 254-55, 708 S.E.2d at 816.

The Court of Appeals was correct in acknowledging that Rule 203(b)(1) and Rule 203(b)(6) necessitate the receipt of different things in order to trigger the time to appeal. As discussed, Rule 203(b)(1) only requires the party receive written notice that an order or judgment has been entered, whereas Rule 203(b)(6) requires the party receive a copy of the decision in order to trigger the time to appeal. However, simply because the rules require the receipt of different things does not necessarily mean the manner in which a party receives those things must differ in order to trigger the time to appeal.[3]

---

[2] In this case, the Court of Appeals determined *White* did not apply because *White* concerned a different appellate court rule than the one at issue in this case.

[3] Nevertheless, we recognize that there may be some forms of communication used to receive written notice for purposes of Rule 203(b)(1) that could not practically be

In effect, the Court of Appeals interpreted the term "receipt" under Rule 203(b)(1) broadly, permitting the receipt of written notice of entry of an order or judgment by various methods, including fax, email, mail, or hand delivery. However, the court interpreted the term "receipt" under Rule 203(b)(6) narrowly, permitting the receipt of a decision only in a manner used to effectuate service, that is, by mail or hand delivery. In addition to being inconsistent, the court's interpretation of the term "receipt" in *White* is unsupported by the controlling appellate court rules. As discussed, "receipt" under Rule 203, SCACR is not synonymous with the requirements of service. Therefore, we overrule the court's decision in *White* to the extent it holds otherwise and interprets "receipt of the decision" to require receipt of the decision by mail or hand delivery in order to trigger the time to appeal under Rule 203(b)(6), SCACR.

### III.  Conclusion

In conclusion, we hold an email sent from the court, an attorney of record, or a party that provides written notice of entry of an order or judgment triggers the time for serving a notice of appeal for purposes of Rule 203(b)(1), SCACR. For the reasons stated, our holding shall be applied prospectively and Petitioners' appeal is remanded to the Court of Appeals to proceed on its merits.[4] Accordingly, the Court of Appeals' decision dismissing the appeal as untimely is

**AFFIRMED AS MODIFIED.**

**KITTREDGE, J., and Acting Justices James E. Moore and Howard P. King, concur.  Acting Justice William P. Keesley, concurring in part and dissenting in part in a separate opinion.**

---

used to receive a decision for purposes of Rule 203(b)(6) due to technological limitations.

[4]  It appears that the dissent fails to consider, or give much weight to, the fact electronic written notification was not contemplated by Rule 203(b), SCACR when it was promulgated by this Court in 1990. Email did not come into widespread use until the mid-nineties. The Court of Appeals' attempt to overlay Rule 203, SCACR to modern practice has resulted in justifiable confusion to the Bench and Bar. Rule 263(b), SCACR notwithstanding, the Supreme Court is the final arbiter of South Carolina law. The Court's jurisdiction and authority emanates from the South Carolina Constitution not from rules promulgated by the Court.

**ACTING JUSTICE KEESLEY**: I respectfully concur in part and dissent in part. I agree with much of the majority's well-reasoned decision. In particular, I believe the majority correctly found the thirty-day period in which to file and serve the notice of appeal began upon the receipt of the emailed copy of the ruling from the master's administrative assistant. *See* Rule 203(b)(1), SCACR ("A notice of appeal shall be served on all respondents within thirty (30) days after *receipt of written notice of entry of the order or judgment*." (emphasis added)).[5] Likewise, I agree with the majority that Rule 5 of the South Carolina Rules of Civil Procedure is not controlling in an appellate proceeding. *See* Rule 101(a), SCACR; Rule 73, SCRCP; Rule 81, SCRCP.

However, I part ways from the majority's argument, compelling and compassionate though it is, that we should only apply this "new" rule prospectively. South Carolina follows a bright-line rule: the timely service of the notice of appeal is a jurisdictional requirement, without which appellate courts lack the authority to hear and decide cases. *See, e.g.*, *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 14–15, 602 S.E.2d 772, 775 (2004). As this Court has previously explained:

> The notice of appeal in a case appealed from the Court of Common Pleas must be served on all respondents within thirty days after receipt of written notice of entry of the order or judgment. Rule 203(b)(1), SCACR. The requirement of service of the notice of appeal is jurisdictional, *i.e.*, if a party misses the deadline, *the appellate court lacks jurisdiction to consider the appeal and has no authority or discretion to "rescue" the delinquent party by extending or ignoring the deadline for service of the notice. Mears v. Mears*, 287 S.C. 168, 337 S.E.2d 206 (1985).

*Id.* (second emphasis added); *see also, e.g.*, Rule 205, SCACR ("*Upon* the service of the notice of appeal, the appellate court shall have exclusive jurisdiction over the appeal." (emphasis added)); Rule 263(b), SCACR ("The time prescribed by the[ South Carolina Appellate Court] Rules for performing any act *except the time for serving the notice of appeal under Rules 203 and 243* may be extended or shortened by the appellate court, or by any judge or justice thereof." (emphasis added)); *Hill v. S.C. Dep't of Health & Envtl. Control*, 389 S.C. 1, 21, 698 S.E.2d 612, 623 (2010) ("The service of a notice of appeal is a jurisdictional requirement,

---

[5] Petitioners concede electronic communications such as email satisfy the written-notice requirement of Rule 203(b)(1).

and *the time for service may not be extended by this Court*." (emphasis added));
*Sadisco of Greenville, Inc. v. Greenville Cty. Bd. of Zoning Appeals*, 340 S.C. 57,
59, 530 S.E.2d 383, 384 (2000) (per curiam) ("This Court has consistently stated
that service of the Notice of Appeal is a jurisdictional requirement, and this Court
has *no authority* to extend or expand the time in which the Notice of Appeal must
be served." (emphasis added)); Jean Hoefer Toal et al., *Appellate Practice in South
Carolina* 122 (3d ed. 2016) ("If a party fails to [timely serve the notice of appeal],
the appellate court has *no authority or discretion* to rescue the delinquent party by
extending or ignoring the deadline because the appellate court lacks jurisdiction
over the matter." (emphasis added) (collecting cases)).  In other words, appellate
courts do not obtain appellate jurisdiction over the matter until *after* timely service
of the notice of appeal.  *See* Rule 205, SCACR.  Accordingly, appellate courts lack
jurisdiction in cases where the notice of appeal was not timely served, and even
this Court cannot rescue an appellant who has not met the service deadline,
including in cases such as this one where missing the deadline is understandable.
Indeed, other than making an appeal to fundamental fairness, the majority makes
no attempt to cite any authority for its ability to do so.

I concede our current precedent creates some confusion as to what type of
written notice triggers the thirty-day window for filing a notice of appeal under
Rule 203(b).  As the majority correctly notes, current case law permits a facsimile
from opposing counsel to trigger the thirty-day window under Rule 203(b)(1),
SCACR,[6] but prohibits an email from counsel from triggering the window under
Rule 203(b)(6), SCACR.[7]

Nonetheless, even were I to agree with the majority that the court of appeals
erred in portions of its ruling in *White* related to triggering the window in appeals
from administrative law courts, I respectfully fail to see how that would give rise to
an exception allowing this appeal to proceed.  I simply cannot reconcile the
majority's decision to apply its ruling prospectively with the extensive body of law

holding that appellate courts are not permitted to rescue a litigant from an untimely
notice of appeal.  Accordingly, I would affirm the dismissal by the court of
appeals.

---

[6] *Canal Ins. Co. v. Caldwell*, 338 S.C. 1, 524 S.E.2d 416 (Ct. App. 1999).
[7] *White v. S.C. Dep't of Health & Envtl. Control*, 392 S.C. 247, 708 S.E.2d 812 (Ct.
App. 2011).