**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Appellant,

v.

Heidy Lacan Velasquez and Antonio Toc Perez,
Respondents.


In the Interest of Minors Under the Age of Eighteen.

Appellate Case No. 2019-000620

-----

Appeal From Charleston County
Jack A. Landis, Family Court Judge

-----

Unpublished Opinion No. 2021-UP-267
Submitted June 1, 2021 – Filed July 14, 2021

-----

**APPEAL DISMISSED**

-----

Sally R. Young, of the South Carolina Department of
Social Services, of North Charleston, for Appellant.

Rene Stuhr Dukes, of Rosen Hagood LLC, of Charleston,
for Respondents.

Joshua Keith Roten, of Summerville, for the Guardian ad Litem.

---

**PER CURIAM:**  South Carolina Department of Social Services (SCDSS) appeals the family court's award of attorney's fees in the amount of $2,000 to Heidy Velasquez and Antonio Perez.  SCDSS argues the family court erred in awarding attorney's fees because the underlying actions dealt with child abuse and neglect and there was no showing of "frivolity" on SCDSS's behalf.  Because SCDSS's motion pursuant to Rule 59(e), SCRCP, was untimely, the time to appeal from the family court's award of attorney's fees was not tolled and SCDSS failed to timely serve and file this appeal.  Thus, we must dismiss this appeal pursuant to Rule 220(b), SCACR, and the following authorities: Rule 59(e), SCRCP ("A motion to alter or amend the judgment shall be served not later than 10 days after receipt of written notice of the entry of the order."); *Canal Ins. Co. v. Caldwell*, 338 S.C. 1, 5, 524 S.E.2d 416, 418 (Ct. App. 1999) ("To be timely, a post-trial motion to alter or amend must be served within ten days of receipt of written notice of the entry of the original order or judgment."); *Overland v. Nance*, 423 S.C. 253, 257, 815 S.E.2d 431, 433 (2018) ("The failure to serve a Rule 59(e) motion within ten days of receipt of notice of entry of the order converts the order into a final judgment, and the aggrieved party's only recourse is to file a notice of intent to appeal."); Rule 203(b)(1), SCACR ("A notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment.  When a timely . . . motion to alter or amend the judgment (Rule[] . . . 59, SCRCP), . . . has been made, the time for appeal for all parties shall be stayed and shall run from receipt of written notice of entry of the order granting or denying such motion."); *Mears v. Mears*, 287 S.C. 168, 169, 337 S.E.2d 206, 207 (1985) ("Service of the notice of intent to appeal is a jurisdictional requirement, and [an appellate court] has no authority to extend or expand the time in which the notice of intent to appeal must be served.").[1]

**APPEAL DISMISSED.**[2]

---

[1] We note SCDSS timely served and filed a notice of appeal from the family court's April 8, 2019 order, which denied SCDSS's Rule 59(e), SCRCP, motion as untimely.  However, SCDSS did not raise an issue relating to the family court's denial of the Rule 59(e) motion; instead, SCDSS argues the family court improperly awarded attorney's fees in its November 14, 2018 order.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

**KONDUROS, GEATHERS, and MCDONALD, JJ., concur.**