**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

CRM of the Carolinas, LLC, Appellant,

v.

Trevor W. Steel, Respondent.

Appellate Case No. 2020-000597

———

Appeal From Georgetown County
Joe M. Crosby, Master-in-Equity

———

Unpublished Opinion No. 2023-UP-178
Heard February 16, 2023 – Filed May 11, 2023

———

**DISMISSED**

———

Joseph Clay Hopkins, of Charleston, for Appellant.

Roger Philip Giardino, Jr., of Giardino Law Firm, LLC, of Pawleys Island, for Respondent.

———

**PER CURIAM:** In this breach of contract action, Appellant CRM of the Carolinas, LLC (Employer) appeals an order of the master-in-equity denying Employer's request for damages and attorney's fees. We dismiss the appeal for lack of appellate jurisdiction.

Respondent Trevor W. Steel (Employee) argues Employer failed to timely serve the notice of appeal on Employee and, thus, deprived this court of appellate jurisdiction.[1] We agree.

"A notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment." Rule 203(b)(1), SCACR. "The requirement of service of the notice of appeal is jurisdictional, i.e., if a party misses the deadline, the appellate court lacks jurisdiction to consider the appeal and has no authority or discretion to 'rescue' the delinquent party by extending or ignoring the deadline for service of the notice." *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 14–15, 602 S.E.2d 772, 775 (2004).

Here, the master electronically filed his order with the Georgetown County circuit court on March 12, 2020. Based on this date, Employer concedes the deadline for serving the notice of appeal on Employee was Monday, April 13, 2020.[2] On April 3, 2020, Employer electronically filed the notice of appeal with the Georgetown County circuit court and received an automated reply from efiledonotreply@sccourts.org acknowledging the filing and stating that two named attorneys representing Employee had been "served electronically."[3] Three days

---

[1] Employee did not file a separate motion to dismiss before filing his appellate brief.
[2] The thirtieth day fell on the preceding Saturday, April 11, 2020. Rule 263(a), SCACR states:

> In computing any period of time prescribed or allowed by these Rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a state or federal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday[,] nor such holiday.

Therefore, the deadline for serving the notice of appeal fell on Monday, April 13, 2020.
[3] Various supreme court orders provide for E-Filing and electronic service in the court of common pleas for several counties for certain documents that must be filed

later, an assistant to one of those attorneys sent an email to a paralegal for Employer's counsel requesting a copy of the notice of appeal. On that same day, the paralegal for Employer's counsel sent a reply email, attaching a copy of the notice of appeal in PDF format.

Additionally, the paralegal executed a certificate of service stating that the paralegal had "caused a . . . copy of the notice of appeal . . . to be served on all counsel of record via regular U.S. Mail, postage pre-paid, addressed" to Employee's counsel. (emphasis removed). However, the number of the post office box listed on the certificate, 4416, was incorrect because the number for Employee's counsel is actually 4413. Therefore, this particular copy of the notice of appeal was returned

---

or served under the South Carolina Rules of Civil Procedure (SCRCP). *See In re S.C. Elec. Filing Pol'ys & Guidelines (SCEF)*, Section 4(e)(2), (3), 415 S.C. 1, 7–8, 780 S.E.2d 600, 603 (2015); *see also Re Expansion of Elec. Filing Pilot Program-Ct. of Common Pleas*, 419 S.C. 262, 262, 797 S.E.2d 720, 721 (2017). On the other hand, the South Carolina Appellate Court Rules govern the filing and service of a notice of appeal, and the sole method of electronic service under these rules is by email. *See Wells Fargo Bank, N.A. v. Fallon Properties S.C., LLC*, 422 S.C. 211, 215, 810 S.E.2d 856, 858 (2018) (stating that the South Carolina Appellate Rules, rather than the South Carolina Rules of Civil Procedure, govern issues concerning appellate procedure); Section (g)(3), *RE: Operation of the Appellate Courts During the Coronavirus Emergency* (March 20, 2020) ("During th[e Coronavirus] emergency, this Court authorizes a lawyer admitted to practice law in this state to serve a document on another lawyer admitted to practice law in this state using the lawyer's primary e-mail address listed in the Attorney Information System (AIS).").

When the Georgetown Clerk of Court accepted Employer's filing of the notice of appeal, the Clerk's statement that opposing counsel had been served electronically was not tailored to the specific document filed (a notice of appeal to this court). Rather, the statement was automatically generated to indicate the filing and service protocols under the SCEF. *See* § 4(e)(2) & (3), SCEF (providing that when the parties are proceeding in the E-Filing system and a document must be filed or served under the SCRCP, the e-filing of the document, with the transmission of a notice of electronic filing (NEF), constitutes proper service as to all other parties who are E-Filers in that case). Because service of a notice of appeal is governed by our appellate court rules, service on opposing counsel pursuant to the SCEF protocols is not effective to confer appellate jurisdiction on this court.

to Employer's counsel on April 15, 2020, and counsel mailed another copy to opposing counsel on the following day, which fell after the April 13 deadline.

Employee's counsel states that he did not receive the hard copy of the notice of appeal until April 20, 2020. We note, however, that he has not denied receiving an electronic notice from the Georgetown County Clerk of Court on April 3, 2020, which was presumably delivered to his AIS email address and indicated that Employer had filed a notice of appeal in the case.[4] Likewise, Employee's counsel has not denied receiving an electronic copy of the notice of appeal on April 6, 2020, via the e-mail address of his assistant, who used this particular email address to request the copy.

Employee's counsel correctly maintains that under our appellate court rules, electronic service of a copy of the notice of appeal is effective only when it is sent to opposing counsel's primary e-mail address listed in AIS. *See* Section (g)(3), *RE: Operation of the Appellate Courts During the Coronavirus Emergency* (March 20, 2020) ("During th[e Coronavirus] emergency, this Court authorizes a lawyer admitted to practice law in this state to serve a document on another lawyer admitted to practice law in this state using the lawyer's primary e-mail address listed in the [AIS]."). We acknowledge that the paralegal of Employer's counsel sent the notice of appeal to the email address of the assistant for Employee's counsel, and as an officer of the court, Employee's counsel has represented that his assistant's e-mail address is not the address he designated to be listed in AIS.

Based on the foregoing, Employer effected neither timely service by regular mail nor electronic service in the manner required by the rules binding this court. Therefore, we do not have appellate jurisdiction over the present case and must dismiss it. *See Elam*, 361 S.C. at 14–15, 602 S.E.2d at 775 ("The requirement of service of the notice of appeal is jurisdictional, i.e., if a party misses the deadline, the appellate court lacks jurisdiction to consider the appeal and has no authority or discretion to 'rescue' the delinquent party by extending or ignoring the deadline for service of the notice.").

---

[4] *See* § 3(a)(2), SCEF (providing that an attorney's "email address for E–Service shall be the same email address(es) the attorney provided in AIS . . . ."); § 4(e)(2) & (3), SCEF (providing that when the parties are proceeding in the E-Filing system and a document must be filed or served under the SCRCP, the e-filing of the document, with the transmission of a notice of electronic filing (NEF), constitutes proper service as to all other parties who are E-Filers in that case).

## CONCLUSION

Accordingly, we dismiss Employer's appeal for lack of appellate jurisdiction.

**DISMISSED.**

**WILLIAMS, C.J., and GEATHERS and VERDIN, JJ., concur.**