**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

In the Matter of: The Estate of Juleanne Judy Bryan

Margaret Elaine Chapman, Appellant,

v.

Grady W. DuBose, Wilson Wade Judy and Marvin Lee Judy, III, Respondents.

Appellate Case No. 2023-000751

―――――――――――

Appeal From Charleston County
H. Steven DeBerry, IV, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2025-UP-255
Submitted June 1, 2025 – Filed July 23, 2025

―――――――――――

**AFFIRMED**

―――――――――――

Johnny Elliot Watson, Sr., of Watson Law Firm, of Columbia, for Appellant.

Daniel Scott Slotchiver, of Slotchiver & Slotchiver, LLP of Mount Pleasant, for Respondent Grady W. DuBose.

Sarah P. Spruill, of Haynsworth Sinkler Boyd, PA, of Greenville; and Stafford J. McQuillin, III, of Haynsworth

Sinkler Boyd, PA, of Charleston, both for Respondents Wilson Wade Judy and Marvin Lee Judy, III.

---

**PER CURIAM:** Margaret Elaine Chapman appeals the circuit court's order granting Wade Wilson Judy, Marvin Lee Judy, and Grady W. DuBose's (collectively, Respondents') motion to dismiss Chapman's appeal from the probate court which found Chapman's appeal failed to comply with the requirements of section 62-1-308 of the South Carolina Code (2022). On appeal, Chapman argues the circuit court erred when it found Chapman failed to (1) timely file her notice of intent to appeal, (2) timely file her statement of issues on appeal, (3) arrange the furnishing of the transcript, and (4) file her circuit court brief. We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err when it dismissed Chapman's appeal on the basis that her notice of intent to appeal was not timely filed. At the hearing on Respondents' motion to dismiss, Chapman's counsel acknowledged the probate court sent its final order to his email on December 22, 2022. However, Chapman's counsel did not file the notice of intent to appeal until January 5, 2023. Contrary to Chapman's counsel's assertion that he no longer used the email address at issue, Respondents informed the circuit court the email address was active and Chapman's counsel had communicated with the probate court throughout the case using that same email address. Chapman's counsel did not contest that he had used that email address during the pendency of the case. Accordingly, because Chapman filed the notice of intent to appeal more than ten days after receiving written notice of the probate court's final order, it was not timely filed. *See* § 62-1-308(a) (2022) ("The notice of intention to appeal to the circuit court must be filed in the office of the circuit court and in the office of the probate court and a copy served on all parties not in default *within ten days after receipt of written notice of the appealed from order . . . .*" (emphasis added)); *cf. Wells Fargo Bank, N.A. v. Fallon Props. S.C., LLC*, 422 S.C. 211, 219, 810 S.E.2d 856, 860 (2018) ("[A]n email sent from the court, an attorney of record, or a party that provides written notice of entry of an order or judgment triggers the time for serving a notice of appeal for purposes of Rule 203(b)(1), SCACR."). Because the circuit court properly dismissed Chapman's appeal on the basis that her notice of intent to appeal was not timely filed, a dispositive issue, we decline to consider Chapman's remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

**AFFIRMED.**[1]

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.