**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Consumer Affairs,
Respondent,

v.

Lavisha Green, Appellant.

Appellate Case No. 2024-001652

Appeal From Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

Unpublished Opinion No. 2026-UP-293
Submitted May 1, 2026 – Filed June 10, 2026

**APPEAL DISMISSED**

Adam Sinclair Ruffin of Ruffin Law Firm, LLC, of
Columbia, for Appellant.

Kelly Hunter Rainsford, James Cochran Copeland, and
Zachary Alan Passmore, all of Columbia, for
Respondent.

**PER CURIAM:**  Lavisha Green appeals an Administrative Law Court (ALC)
order affirming a fine imposed by the South Carolina Department of Consumer
Affairs (the Department).  She argues (1) the ALC erred in finding it lacked

authority to reduce the fine, and (2) the fine imposed was unconstitutionally excessive.  We dismiss this appeal as untimely.

**Factual and Procedural Background**

In 2021, the Department issued a mortgage broker license to Fab Seven, LLC, which is owned by Green.  In 2023, Green ignored several Department emails notifying her of the upcoming deadline for filing a statutorily required mortgage log.  In response to one such reminder email, Green contacted a Department licensing attorney and stated, "I completed my Mortgage Call Report in November.  Is it another one due or did I miss something?"  The Department's reply explained, "This is something completely different.  The South Carolina Mortgage Log is done outside of NMLS.  Please look at the directions and form on our website in the link in the email below.  There is a $100/day late fee, so do look at it soon."  Despite this explanation and at least four reminder emails, Green failed to file either the mortgage log or an attestation of no activity.

On June 30, 2023, the Department notified Green that it had imposed a fine of $9,000 for her failure to file the statutorily mandated mortgage log.  This notice further indicated that a late fee was accruing at one hundred dollars per day, instructed her to file the mandated mortgage log, and explained, "To resolve this non-compliance, the Department will accept a non-negotiable fine of $9,000 if paid within thirty (30) days of this letter.  Otherwise, the Department will seek the full amount of the penalty, which would be $100.00 multiplied by the number of days until the Department receives your report or attestation of no activity."

In July 2023, Green contacted Department employee Bryon Gibbs and asked him to assist with "this outrageous request."  Gibbs quickly responded, indicating he had also tried to call Green.

Green then filed a request for a contested case hearing with the ALC, arguing the Department erred in finding she failed to timely submit her mortgage log and in imposing the $9,000 fine.  The ALC's final order notes that at the contested case hearing, Department licensing attorney Kerri Boyer Hawley testified that Green was sent notices regarding the mortgage log filing requirement "in January, February, March, and April.  She stated that the notices were sent to the email provided to the Department, and to the Multiple Listing Service (MLS), by Ms. Green and that she received no indication that the notices were undeliverable."  Hawley further stated that Green "timely submitted her 2021 mortgage log in 2022,

which would have been the first year she was required to file a log following her licensure in 2021."

Green testified that she did not receive the Department's email reminders but admitted that she did receive the fine notice sent to the same email address. Green claimed she used two different email addresses and argued the Department had been using an old address. Still, Green acknowledged, "I'm not disputing the fact that the fine is valid" but asserted she was a newly licensed mortgage broker and was still learning the rules; thus, she sought a reduced fine.

In response to the ALC's inquiry regarding whether the fine could be reduced, the Department stated that in enforcing the statute as written, it did not believe it had discretion to lower the fine.

By order dated August 2, 2024, the ALC affirmed the Department's determination, finding the court lacked authority to reduce the penalty under section 40-58-65(A) of the South Carolina Code (Supp. 2025), which provides licensees "shall pay a fine of one hundred dollars a day" for late submissions. That same day, the ALC's law clerk emailed Green a copy of the order to the email address Green had provided to the court; the law clerk also mailed a hard copy of the order to the North Charleston address Green provided on her request for a contested case hearing.

On August 28, 2024, Green responded to the ALC's email, claiming, "I never received a copy in the mail, received this message yesterday. I am appealing the decision and hiring legal representation." Green then asked that all correspondence be sent to her home address in Goose Creek. The law clerk replied by email, noting she had also mailed a copy of the order to the North Charleston address Green provided to the ALC.

On September 9, 2024, Green wrote this court requesting additional time to file her appeal, arguing she was not properly served with the ALC's final decision. Green indicated, "I only recently became aware of the decision, and therefore, I have not had the opportunity to file an appeal within the normal timeframe." Green filed her notice of appeal to this court on September 25, 2024, fifty-four days after the ALC emailed and mailed copies of its final order to the addresses Green had provided.

The Department moved to dismiss Green's appeal. In response, Green provided an affidavit regarding the events occurring after the ALC issued its order. Green asserted she informed the ALC on September 9, 2024, that she wished to appeal

the ALC's decision and asked what steps were required.  She claimed she was told to file an appeal with the court of appeals but was not informed that she needed to file a petition for rehearing or motion to reconsider prior to doing so.  This court denied the Department's motion to dismiss "without prejudice to the parties addressing this court's appellate jurisdiction in their briefs."

## Jurisdiction

The Department argues this court lacks appellate jurisdiction because Green filed and served her notice of appeal fifty-four days after receipt of the ALC's decision.  It further asserts Green failed to file a mandatory motion for reconsideration in the ALC prior to filing her notice of appeal.

> For judicial review of a final decision of an administrative law judge, a notice of appeal by an aggrieved party must be served and filed with the court of appeals as provided in the South Carolina Appellate Court Rules in civil cases and served on the opposing party and the Administrative Law Court not more than thirty days after the party receives the final decision and order of the administrative law judge.  Appeal in these matters is by right.

S.C. Code Ann. § 1-23-610(A)(1) (Supp. 2025).

> When a statute allows a decision of the administrative law court or agency (administrative tribunal) to be appealed directly to the Supreme Court or the Court of Appeals, the notice of appeal shall be served on the agency, the administrative law court (if it has been involved in the case) and all parties of record within thirty (30) days after receipt of the decision. If a timely petition for rehearing is filed with the administrative tribunal, the time to appeal for all parties shall be stayed and shall run from receipt of the decision granting or denying that motion.  If a decision indicates that a more full and complete decision is to follow, a party need not appeal until receipt of the more complete decision.

Rule 203(b)(6), SCACR. "If the notice of appeal is not timely filed or the filing fee is not paid in full, the appeal shall be dismissed, and shall not be reinstated except as provided by Rule 260." Rule 203(d)(3), SCACR. "The service of a notice of appeal is a jurisdictional requirement, and the time for service may not be extended by this Court." *Hill v. S.C. Dep't of Health & Env't Control*, 389 S.C. 1, 21, 698 S.E.2d 612, 623 (2010). "[A]n email sent from the court, an attorney of record, or a party that provides written notice of entry of an order or judgment triggers the time for serving a notice of appeal for purposes of Rule 203(b)(1), SCACR." *Wells Fargo Bank, N.A. v. Fallon Props. S.C., LLC*, 422 S.C. 211, 219, 810 S.E.2d 856, 860 (2018).

In her reply brief, Green relies on *Lemmons v. Macedonia Water Works, Inc.*, 431 S.C. 186, 192, 847 S.E.2d 471, 475 (Ct. App. 2020), in arguing the deadline to file a notice of appeal is triggered by the day she received the email notifying her of the ALC's order. In *Lemmons*, this court reasoned:

> The question of whether the e-mail's time-stamp can be presumed to be the date of a party's receipt of the notice has not yet been addressed by our appellate courts. In the absence of our supreme court's pronouncement of such a presumption, this court must look to the Record on Appeal to determine the date of receipt of the circuit court's e-mail notice according to the standards of section 26-6-150(B).

*Id.*; *but see* S.C. Code Ann. § 26-6-150(B) (2007) ("Unless otherwise agreed between a sender and the recipient, an electronic record is received when it: (1) enters an information processing system that the recipient has designated or uses for the purpose of receiving electronic records or information of the type sent and from which the recipient is able to retrieve the electronic record; and (2) is in a form capable of being processed by that system.").

Green's case differs from *Lemmons* because the record here demonstrates a pattern of behavior by Green of claiming she has not received notices sent to email or mailing addresses that she has provided for the purpose of receiving such notices. For example, and as the ALC recognized, the email address Green used for her 2022 emails "is the same email address used by the Department in their notices regarding her mortgage log submission for 2023."

Green makes similar claims regarding communications sent from the ALC to the email address and North Charleston mailing address she provided to that court. Green listed a North Charleston address and the email address she challenged in her request for a contested case hearing. She later provided a North Charleston address in a letter to this court requesting an extension of time.

We find Green has failed to demonstrate that she did not timely receive the ALC's final order at the email address or North Charleston mailing address she provided. Although we are sympathetic to Green's argument that this is a harsh statutory fine, she cannot skirt responsibility by continuing to claim she did not receive correspondence at addresses she herself provided to the ALC, the Department, or this court. As there is no credible evidence in the record to suggest Green did not receive the ALC's order when it was sent to her by two separate methods in early August 2024, we dismiss her appeal as untimely.[1]

**APPEAL DISMISSED.**[2]

**THOMAS, MCDONALD, and TURNER, JJ. concur.**

---

[1] We recognize Green's notice of appeal, prepared by appellate counsel, states "Appellant received the order on August 27, 2024." Although we find counsel appropriately relied upon the chronological information relayed to him by his client, the record simply does not support this assertion.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.